Leslie vs. Keepers and another, imp.

LESLIE, Respondent, vs. KEEPERS and another, imp., Appellants.

*January 12 — February 1, 1887.*

*Settlement: Fraud: Rescission: Pleading: Evidence.*

In an action for a balance due upon contract for labor and materials, the defendants pleaded an adjustment and settlement in writing and full payment thereunder.  *Held:*

(1) On the trial the plaintiff might avoid the alleged settlement by showing that his signature thereto was obtained by fraud.

(2) The amount paid to the plaintiff under the settlement having been conceded by the defendants to be due to him, he was not bound to return it in order to rescind the settlement.

APPEAL from the Circuit Court for *Chippewa* County.

Action to enforce a lien for labor performed and materials furnished by the plaintiff as a subcontractor in and about the erection of a bridge in Chippewa county.  The case is thus stated by Mr. Justice CASSODAY:

"The complaint alleges, in effect, that July 1, 1882, the defendants *Keepers* and *Riddell* entered into a contract with the defendant county to furnish the materials, and to erect, build, and construct for the county a certain wood and iron bridge, together with the substructure therefor, over the Yellow river, in said county, all of which was performed by them according to such contract; that, shortly after the making of said contract, and on July 1, 1882, the plaintiff entered into a parol agreement with *Keepers* and *Riddell* whereby he was in effect employed as subcontractor to furnish and provide the necessary building materials for, and to erect and construct, the said substructure of said bridge, and did, between July 6, 1882, and March 8, 1883, for which he was to receive $5,200, but had received only $4,041.68; and other facts essential to recover the balance, and to make the same a lien upon the bridge.  The county

made no answer. *Keepers* and *Riddell* answered to the effect that March 29, 1883, they and the plaintiff accounted together, and fully adjusted and settled all the matters mentioned in the complaint, and that upon such settlement they were to pay the plaintiff $736.25, of which $300 was paid down, and the other $436.25 was to be paid as soon as the plaintiff should take up all outstanding liens and claims covered by his contract upon the bridge, which last-named sum had been garnished in a suit against the plaintiff. At the close of the trial, the jury returned a verdict in favor of the plaintiff, and against *Keepers* and *Riddell*, for $843.11, of which $128.20 was for interest, and the balance for what remained unpaid and not garnished. From the judgment entered upon that verdict the defendants *Keepers* and *Riddell* appeal."

For the appellants there was a brief by *Marshall & Jenkins*, and oral argument by *Mr. Jenkins*. They contended, *inter alia*, that there was an accord and satisfaction between the parties, and, this being substantially a new agreement in satisfaction of the former one, no action can be maintained on the original liability without rescission. Anson on Contracts, 307; *Suttle v. Doggett*, 87 N. C. 203; 22 Cent. L. J. 80, note 90; 2 Parsons on Contracts (5th ed.), 681; *Lockwood v. Thorne*, 62 Am. Dec. 93, note; *Davis v. Spencer*, 24 N. Y. 386; *Good v. Cheesman*, 2 Barn. & Ad. 328. The plaintiff has never rescinded, but has retained what he received under the new contract, which is incompatible with rescission. *Degraw v. Elmore*, 50 N. Y. 3; *Reid v. Hubbard*, 6 Wis. 176; *Zitske v. Goldberg*, 38 id. 223; *Cobb v. Hatfield*, 46 N. Y. 536, 537; *Bisbee v. Ham*, 47 Me. 543; *Potter v. Monmouth Ins. Co.* 63 id. 440; *Brown v. Hartford F. Ins. Co.* 117 Mass. 479; *Jewett v. Petit*, 4 Mich. 508; 49 id. 423–4; *Grant v. Law*, 29 Wis. 99; *Hart v. Gould*, 28 N. W. Rep. 831; *Stewart v. H. & T. C. R. Co.* 62 Tex. 246. When an accord and satisfaction is evidenced by a written instrument,

and one of the parties claims that he was induced to make the substituted contract by fraud, his only remedy is in equity to obtain a judicial avoidance of the contract. *Atlantic Delaine Co. v. James*, 94 U. S. 207, 214; *Van Trott v. Weise*, 36 Wis. 439; Bigelow on Fraud, 326–328; 17 Cent. L. J. 438; *Moore v. McCullough*, 8 Mo. 402; Story's Eq. Jur. (4th ed.), 586; Bispham's Equity, 530, 531; *Kronenberger v. Binz*, 56 Mo. 122; *Chase v. Garvin*, 19 Me. 211; 6 Wait's Act. & Def. 427; *Roach v. Gilmer*, 3 Utah, 389; *Blair v. C. & A. R. Co.* 1 S. W. Rep. 350; *Fowler v. Wyatt*, 24 Beav. 232. To allow the plaintiff to introduce evidence in this case to show fraud in the settlement would be contrary to all rules of pleading and evidence. The only issue made by the pleadings was that of accord and satisfaction. That the law denied, and when it was proven it was the end of the case.

For the respondent there was a brief by *Stafford & Connor*, and oral argument by *Mr. Connor*. To the point that under the pleadings the plaintiff could show that the settlement was obtained by fraud, they cited *Hart v. Gould*, 28 N. W. Rep. 831; *Brereton v. Hull*, 1 Denio, 75; *Stafford v. Bacon*, 1 Hill, 532; *Varner v. Core*, 20 W. Va. 472; *Bankhead v. Alloway*, 6 Caldw. 56; *Wiggins v. Burkham*, 10 Wall. 129; *Perkins v. Hart*, 11 Wheat. 237; *Lockwood v. Thorne*, 18 N. Y. 292; *Ruffner v. Hewitt*, 7 W. Va. 585; *Murray v. Carlin*, 67 Ill. 286; *Ætna Ins. Co. v. Reed*, 33 Ohio St. 283; *Roth v. Palmer*, 27 Barb. 652; *Claflin v. Taussig*, 7 Hun, 223; *Wharton v. Anderson*, 28 Minn. 301; *Kayser v. Sichel*, 34 Barb. 84; *Coates v. Simmons*, 4 id. 403; *Caryl v. Russell*, 13 N. Y. 194; *Welsh v. G. A. Bank*, 73 id. 424; *Sheehan v. Hamilton*, 2 Keyes, 304; *Waddle v. Morrill*, 26 Wis. 611; *Stow v. Parks*, 2 Pin. 125; *Chambovet v. Cagney*, 35 N. Y. Super. Ct. 474; *St. L. S. B. Bottling Co. v. Col. Nat. Bank*, 5 Pac. Rep. 800; *Goodwin v. U. S. A. & L. Ins. Co.* 24 Conn. 591; *Dambman v. Schulting*, 4

Hun, 50; *Mather v. Hutchinson*, 25 Wis. 27; *Burnham v. Mitchell*, 34 id. 118.   To the point that no offer to return the amount received was necessary — that amount being indisputably due to the plaintiff on a liquidated demand — they cited *Gould v. Cayuga Co. Nat. Bank*, 86 N. Y. 75; *Hollenbach v. Shoyer*, 16 Wis. 499; *Dunn v. Amos*, 14 id. 107; *Burnham v. Mitchell*, 34 id. 117; *Potter v. Taggart*, 54 id. 395; *Mullen v. O. C. R. Co.* 127 Mass. 86; *Claflin v. Taussig*, 7 Hun, 223; *Allerton v. Allerton*, 50 N. Y. 670; *O'Neill v. L. S. Iron Co.* 30 N. W. Rep. 688; *Pierce v. Wood*, 23 N. H. 519.

CASSODAY, J.   The alleged settlement was in writing, and purported to be for the sum of $736.25, in full settlement for material and labor furnished by the plaintiff for the substructure of the bridge — the above amount being the full contract price for said substructure, less the amount paid him and for his account on the work.   The principal contention of *Keepers* and *Riddell* is that such settlement was conclusive between the parties, and that, as the complaint failed to allege any mistake or fraud in making the settlement, it was error to allow it to be impeached upon the trial. There was evidence upon the part of the plaintiff in effect tending to prove that the plaintiff went to the office of *Keepers* and *Riddell*, in Milwaukee, about the time of the alleged settlement, and requested a settlement with them; that he did not then know how much he had received from them, nor how much they had paid out on his account; that they presented to him no statement, and showed him no books or account; that they declined to show him their books or any account of the moneys they had paid him or in his behalf; that there was no dispute between them, and no item of the account as subsequently rendered was talked over between them; that *Keepers* then told him that the sum above mentioned was the amount his due; that rely-

Leslie vs. Keepers and another, imp.

ing upon the truthfulness of such representations, and not knowing the contrary, he signed a written statement of the above import, upon a promise that a bill of items should be subsequently sent him by mail as soon as their books were straightened up; that such bill of items was subsequently received by him from them through the mail; that such itemized bill purported to show a balance due the plaintiff of the amount above stated, but it included several items in no way connected with the labor or material furnished by the plaintiff for such substructure or any other matter for which the plaintiff was liable or in which he was interested; that the aggregate of such foreign items so wrongfully included in said bill amounted to $714.91; that the representation of *Keepers*, to the effect that there was only $736.25 due the plaintiff at the time of such alleged settlement, was false; that there was then his due, in addition, the aggregate amount of such foreign items. Such testimony on the part of the plaintiff was controverted and denied by testimony on the part of *Keepers* and *Riddell*, who gave a very different version of the alleged settlement.

The issue thus made was fairly submitted to the jury by the learned trial judge. Under the charge of the court the jury must have found that the plaintiff's version of what was said and done at the time of the alleged settlement was substantially true and that the evidence to the contrary was false. If the matter was properly open for investigation, then the verdict is a verity and necessarily concludes the defendants. The settlement or accord and satisfaction was alleged by way of defense. Not being a counterclaim nor pleaded as a part of a counterclaim it was to be deemed controverted by the plaintiff as upon a direct denial or avoidance as the case might require. Sec. 2667, R. S. Upon the issue thus raised, it was competent for the plaintiff to prove that his signature to the writing purporting to be a

settlement of certain matters was so procured by false representations and fraud. *Waddle v. Morrill,* 26 Wis. 611; *Butler v. Regents of University,* 32 Wis. 124; *Canfield v. Watertown Fire Ins. Co.* 55 Wis. 423, 424; *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 332–337. These cases settle the practice followed by the trial court. We have no desire to renew the discussion.

It follows that the evidence upon the question indicated was properly admitted. It also follows that the alleged errors in the charge to the jury are without foundation, even had the charge been made a part of the record, which was not done.

A lengthy argument is made to the effect that the plaintiff should not be allowed to affirm the settlement in part by retaining the money paid, and rescind it as to the residue, as has frequently been held by this court. But the facts, as necessarily found by the jury, present no such question. On the contrary, it appears from the undisputed evidence that the amount *Keepers* and *Riddell* agreed to pay was conceded by them to be his due; and the jury found he was entitled to several hundred dollars more.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 31 N. W. Rep. 486.— REP.

