DAVIS & RANKIN BUILDING & MANUFACTURING COMPANY,
Appellant, vs. RIVERSIDE BUTTER & CHEESE COMPANY,
Respondent.

*January 14 — January 31, 1893.*

*Appeal: Practice: Irregularities: Continuance: Abuse of discretion.*

1. Upon an appeal to this court, all questions in respect to mere irregu-
larities in practice — such as that the bill of exceptions was not
properly settled and returned, and that the printed case was not
served fifteen days before the term — should be raised before the
commencement of the argument on the merits.
2. The practice is settled that a bill of exceptions may be prepared and
signed after an appeal has been taken and return made, and may
be transmitted to this court by supplemental return and used on
the hearing as a part of the record.
3. The refusal to grant a continuance in this case is held to have been
an abuse of discretion, the affidavits showing due diligence to pro-
cure the attendance or testimony of absent witnesses and the mate-
riality of their testimony.
4. The propriety of the refusal to grant plaintiff's motion for a continu-
ance should be tested by the affidavits on which the motion was
made, and not by the evidence adduced by defendant on the subse-
quent trial, when such refusal practically denied to plaintiff the
right to rebut defendant's case.

APPEAL from the Circuit Court for *Trempealeau* County.
This action was brought to enforce a mechanic's lien for
a balance of $769.58, claimed to be due the plaintiff from
the defendant for building and equipping a certain fac-
tory, under a contract by which the whole amount to be
paid therefor was $4,350, and for a balance due on certain ex-

tras furnished by plaintiff to defendant. The balance claimed
to be due on the original contract was $209.04, and for ex-
tras, etc., $560.54. The answer alleged that the plaintiff and
defendant had a full, complete, and mutual settlement of
all accounts, claims, matters, and demands, June 10, 1891,
including the demand and claim set forth in the complaint,
and that they then fully adjusted and settled said matters,
and the plaintiff received and accepted of the defendant
money and other valuable considerations in full settle-
ment, satisfaction, and discharge of all said claims. Issue
was joined on the 16th of January, and at the term of
court held March 21st following an application on behalf
of the plaintiff was made for a continuance, but was not
heard and determined until the 28th of that month, when
it was denied. The case proceeded to trial, the defendant
producing testimony to establish its defense, but the plaint-
iff did not produce any evidence whatever. The court
found the issues in favor of the defendant, and rendered
judgment accordingly, from which plaintiff appealed. The
ruling of the court denying the continuance was the only
error assigned.

The affidavit of one Woodbury, the secretary of the
plaintiff corporation, and of its attorney, on which the mo-
tion was based, conformed substantially to the rule of the
circuit court, and on the subject of diligence to prepare for
trial, and of the nature and character of the testimony of
material and necessary witnesses who were absent, shows,
in substance, that as soon as issue was joined the plaintiff
made an effort to procure the necessary witnesses and tes-
timony to sustain its action, and that all its witnesses, five in
number, were without the state and beyond the reach of
process of the court; that about the 1st of February plaint-
iff sought to locate each of the witnesses and fix a time and
place when and where they could be reached and their testi-
mony be taken, and used all reasonable and possible efforts

to secure such testimony, but from the absence of some of
them from home, traveling and transacting business in dif-
ferent states, and especially in small country towns in Mas-
sachusetts, Vermont, and Ohio, it had been quite difficult, if
not impossible, to reach and communicate with them; that
between the 1st and 26th days of February, 1892, several ef-
forts and attempts were made by the plaintiff and its counsel
to secure their attendance in Chicago and at other points, to
take their depositions, but without success, although it used
every means at its command for that purpose, and was un-
able to fix any date or time prior to March 8th when there
was any promise of being able to secure such testimony; that,
when the notice to take the depositions of said witnesses
reached Chicago, plaintiff's secretary was absent from the
city, as well as witnesses Weatherbee and Lespinasse, the
former being in Ohio and the latter in Massachusetts, while
its secretary was in Huron, S. D.; that such absence was un-
avoidable, and with the exercise of all diligence plaintiff could
use no communication was had with said witnesses until after
the time for taking such depositions passed; that plaint-
iff immediately endeavored to get said witnesses located,
hoping that new notice might issue, and their testimony be
taken in time for trial; that Mr. Lespinasse returned from
Massachusetts a few days before, and was then in Chicago,
very sick, and under the doctor's care, and too ill to be in-
terviewed or to endure the exertion necessary in giving
his testimony; that he was a very material witness, and
that plaintiff could not safely proceed to trial without him;
that said Weatherbee was still absent in Ohio, beyond plaint-
iff's control, and that all of said witnesses reside in Chicago,
Ill., and that no other evidence is at hand, or witness or
witnesses in attendance or known to the plaintiff, whose
testimony could have been procured in time, and upon whom
plaintiff can safely rely to prove the particular facts which
it expects and believes can be proved by such absent wit-

nesses, or to maintain the issue in respect thereto on its part; that plaintiff's secretary is informed by said parties, and verily believes it will be able to prove by them, that said Weatherbee was authorized by plaintiff to go to Trempealeau, Wis., to collect money and pay bills and receipt for such moneys as might be paid in, and for that purpose only; that he had no authority, either in writing or otherwise, to release, compromise, commute, or take in final payment any less than the actual price of said subject matter now pending in this court, nor to do anything in the premises except as stated; that during his presence in Trempealeau he protested constantly against doing anything in the way of a settlement, except to receive, acknowledge the receipt of, and remit, money, and to pay such bills as said plaintiff had given vouchers for, and to prove the same facts by Mr. Lespinasse; and, further, that no settlement was in fact made of the matters involved in plaintiff's action, and that disclaimers were constantly entered against the attempts of defendant to force such a settlement as it should dictate under threats and coercion, and that such facts can be proved by no other witness or witnesses on the part of the plaintiff; that neither the said Weatherbee nor the plaintiff ever consented to such settlement, and did not receive the sum or sums so paid in full settlement of plaintiff's demands against the defendant; that it will be necessary to take the depositions of said witnesses with deliberation and care, and that they will be sufficient to settle the matters in issue in the action; that they will show that the acts of said Weatherbee were not only beyond his power, but that he protested with defendant in every move he made, and that no consideration at any time arose or was paid him for discounting and compromising the plaintiff's claim, or in the changing of the original contract or agreement. N. L. Weatherbee was the person with whom the defendant claimed to have made the settlement, and was sent by

Davis & Rankin Building & Mfg. Co. vs. Riverside Butter & Cheese Co.

plaintiff to Trempealeau to collect the sum due the plaintiff by the original contract, namely, $4,350.

After the appeal was taken and regularly noticed for argument, appellant served and procured a bill of exceptions to be settled August 25th, and the same was returned to this court September 8th, after the arguments for the August term had commenced. The printed case was not served until late in the same month, but the cause had been put on the calendar, and no motion was made to strike out the bill or to strike the cause from the calendar, and no objections on these grounds were brought to the attention of the court until during the respondent's argument.

For the appellant there were briefs by *S. Richmond*, and oral argument by *F. H. Bloomingdale*. They argued, among other things, that the courts are inclined to be very liberal in the matter of granting continuances, especially where but a short time has elapsed since the joining of issue and it is a first continuance of the case. 3 Am. & Eng. Ency. of Law, 818 and notes; *Johnson v. Dinsmore*, 11 Neb. 391; *Johnson v. Mills*, 31 id. 524; *Gonring v. C., M. & St. P. R. Co.* 78 Wis. 16.

*E. C. Higbee*, for the respondent.

PINNEY, J. 1. The objection that the bill of exceptions had not been properly settled and returned, having been raised for the first time at the argument of the appeal on the merits, came too late. If well founded, the objection should have been raised by motion to strike out the bill. The practice has long been understood as settled that a bill of exceptions may be prepared and signed after an appeal has been taken and return made, and the bill may be transmitted to this court by supplemental return, and used on the hearing as a part of the record.

2. The objection that the printed case was not served fifteen days before the term, was not made until after the

argument had been commenced, and came too late. It might have been made by a motion to dismiss the appeal, in like manner as for a failure to procure the return to be seasonably made, or before the commencement of the argument, in which case, if not waived, the cause would be continued for the term. All questions in respect to mere irregularities in practice come too late after the argument has been commenced.

3. The granting or refusing a continuance is within the discretion of the court, but this discretion may be so injudiciously and unwisely exercised that the refusal to continue an action on grounds clearly sufficient may constitute error. The affidavits in this cause we think showed that the plaintiff had used due diligence to prepare for trial, and the nature and kind of diligence, as well as the materiality of the testimony of the absent witnesses. Issue had been joined about two months before the term at which the cause was and could be noticed for trial for the first time. There is no absolute standard of diligence. It depends upon the usual course of procedure and course of business, the situation or location of the absent witnesses or desired evidence, the facilities which may be employed to obtain it, and all the facts and circumstances of the case. We think the affidavits on this point were sufficient to entitle the plaintiff to a continuance upon the usual terms. One of the affidavits showed that Mr. Lespinasse, one of the most material and necessary witnesses for the plaintiff, had just returned to his home in Chicago from a distant state, and was then so sick that he could not be interviewed and could not endure the exertion necessary in giving his testimony before a commissioner, and of course could not attend court at a point 300 miles distant, to testify on the trial. The affidavits clearly established the materiality of the testimony of this witness, and that the plaintiff expected to prove by him the principal facts relied on, and that no set-

tlement was in fact made of the matters involved in the action. Sickness at such a juncture is an occurrence against which no ordinary prudence or foresight can provide. Upon this ground alone the continuance should have been granted, and upon the entire showing the refusal to grant it was not, we think, within the fair limits of a wise and judicious exercise of discretion.

It is contended, on behalf of the respondent, in substance, that it appears from the evidence produced by defendant at the trial that the plaintiff at the time, and as a part of the alleged settlement, received by its agent considerable sums of money in settlement of the plaintiff's demands, which were paid over to it, and that it cannot now repudiate the settlement without returning the money, and ·that by so receiving the money it is concluded from questioning the validity of the settlement. One of the affidavits for the continuance, recognizing the fact that the plaintiff had received money from the defendant, denies, in substance, that it was received in full settlement or compromise of the plaintiff's claim, and therefore it may be said that, so far as the affidavits show, the plaintiff was entitled to the money on its contract, and its right to it did not depend on any settlement or compromise, and so it might well retain it, within the principle of the cases of *Hollenback v. Shoyer,* 16 Wis. 499, and *Leslie v. Keepers,* 68 Wis. 123. Whether the transaction thus referred to, when proved in all its particulars, would sustain the defense pleaded by the defendant, formed the issue to be tried upon evidence to be produced in court, and not by the doubtful or uncertain inferences to be drawn from affidavits for a continuance. The propriety of the ruling of the court in denying the continuance must be tested by the affidavits upon which it was made, and it cannot be justified and upheld by reference to the proofs adduced by the defendant on the subsequent trial establishing *prima facie*

its defense, when by the ruling of the court denying the continuance the plaintiff had been practically denied the right of rebutting the defendant's case. The defendant cannot be allowed to plead the advantages resulting from this erroneous ruling as a defense against its injurious consequences to the plaintiff.

We do not think that the ruling of the court on the motion for continuance can be upheld as within the legitimate and fair exercise of discretion, and the judgment of the circuit court must, therefore, be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.