TERRY, Appellant, vs. REYNOLDS, Respondent.

*May 23 — June 20, 1901.*

*Real-estate agents: Commissions: Evidence.*

1. Defendant agreed to pay plaintiff, a broker, a commission "on sale of my farm, or any part of it, at a price accepted by me.   This commission only to be paid in case of sale to a party to whom said [plaintiff] has offered the property."   Plaintiff was the first real-estate agent who offered the property to one H., although H. had previously been informed by his son-in-law that the property was for sale. · H. afterwards bought a part of the farm through another agency.   *Held*, that plaintiff was entitled to the commission.

2. In an action to recover such commission, evidence as to plaintiff's efforts to sell the land to other persons, and as to an offer secured by him of a greater amount than that paid by H., which offer was rejected by defendant, was properly excluded.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge.   *Reversed.*

The cause was submitted for the appellant on the brief of *J. W. Bass,* and for the respondent on that of *Rollin B. Mallory.*

· CASSODAY, C. J.    This action is to recover $532.50, as commissions under a written agreement between the plaintiff and the defendant made in September, 1897, and which reads as follows:

" For $1.00 and other valuable consideration, the receipt of which is hereby acknowledged, I agree to give *F. T. Terry* a commission of three (3) per cent. on sale of my farm,

or any part of it, at a price accepted by me (117.32 acres). This commission only to be paid in case of sale to party to whom said *Terry* has offered the property.

"M. M. J. REYNOLDS."

The complaint alleges, in effect, that in pursuance of that agreement the plaintiff, immediately after making the contract, at the defendant's request, entered upon such service to assist the defendant in selling her property at a price acceptable to her; that he offered the farm, or portions thereof, for sale to divers persons, including Theodore L. Hansen, and in the latter part of 1897, or early in the year 1898, urged him to buy the farm, or a portion thereof, and that July 8, 1898, the defendant did sell and convey a portion of the farm so offered to him for $17,750, which was the amount Hansen paid therefor. The answer admits the making of the written contract and the sale and conveyance to Hansen as alleged, but insists that such sale was in no way effected or consummated through or by the agency or efforts of the plaintiff, and alleges that it was effected solely through the agency and efforts of A. & E. Conrad, in Milwaukee. At the close of the testimony the court granted a nonsuit, and from the judgment entered thereon the plaintiff appeals.

The court properly excluded testimony tending to prove that, soon after the plaintiff made the contract with the defendant, he interviewed nine or ten persons in respect to selling to them the farm, or some part of it, and that he secured an offer from other parties to pay a greater amount than paid by Hansen, but which offers were rejected by the defendant. Under the peculiar wording of the contract, the defendant was only to pay the commission "*on sale of*" the "farm, or any part of it, at a price *accepted by*" her, and to the "party to whom" the plaintiff had offered the farm for sale. She only "accepted" the price paid by Hansen, and she made no sale to any one except Hansen; and hence, if she can be held liable to the plaintiff at all, it can only

be on the sale to Hansen. The court properly held that "this action stands upon the contract." One of the questions mentioned by the court as arising under the contract was whether the plaintiff "did offer the farm to any one who afterwards purchased it." The plaintiff positively testified that he did offer the farm to Hansen within sixty days after the defendant signed the contract, and that in one conversation Hansen asked him what the farm could be bought for, and he told him he would be glad to submit an offer of $400 an acre, and explained to him why that was a reasonable figure, and that such conversation occurred during the winter of 1897–98, and during the spring of 1898. Hansen testified that the plaintiff offered the farm to him in the winter of 1897–98, and that he subsequently bought a part of it. So, there is no dispute but that the plaintiff offered to sell the farm to Hansen, who subsequently purchased it. Such undisputed evidence fully satisfied the question thus suggested by the trial court. But we do not rest our decision on that proposition. It is claimed that such sale was not consummated through the agency of the plaintiff, and was effected solely through the agency of the Conrads. It will be observed that by the terms of the contract the plaintiff was not bound to actually make the sale of the farm, or any part of it, in order to be entitled to his commission. Nor was it essential, under the contract, that he should actually secure an offer from the purchaser of the farm, or any part of it, which should be accepted by the defendant. Hansen testified that his son-in-law, Vogel, first informed him that the property was for sale, but that the plaintiff "was the first real-estate agent who offered this property to" him, and that Conrad subsequently offered it to him, and that afterwards he bought it. The agency of the Conrads did not preclude the agency of the plaintiff. The answer expressly admits that the defendant "employed the plaintiff as her agent to *assist* her in selling the land de-

scribed." The written contract seems to imply the same thing.

*By the Court.*—The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.