THE EDWARD H. EVERETT COMPANY, Respondent, vs. THE CUMBERLAND GLASS MANUFACTURING COMPANY, Appellant.

*December 17, 1901 — January 7, 1902.*

*Brokers: Sale upon unauthorized terms: Ratification: Commissions.*

1. In an action by a broker to recover a commission on the sale of bottles made upon terms different from those authorized by the defendant, a finding of the trial court that the sale was approved and confirmed by defendant after the latter had been notified of all material terms thereof, is *held* to have been justified by the reasonable inferences to be drawn from the correspondence between the parties and the testimony of defendant's manager.

2. Where a broker effects a sale of a definite quantity of goods for his principal and the sale is accepted by the latter, the broker becomes entitled to the agreed commission on the entire selling price even though the principal fails to deliver a part of the goods.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action by plaintiff to recover $937.50 as commission on sale of 5,000 gross of glass bottles. The facts were substantially as follows:

On July 5, 1900, defendant authorized plaintiff to sell 5,000 gross of bottles, at $3.60, five per cent. commission, f. o. b. Rochester, thirteen cents freight allowance to the purchaser. On the same day plaintiff sold that number of bottles for the defendant to the Schlitz Brewing Company at $4 per gross, delivered in Milwaukee,— a price which, measured in money, exceeded the price specified by defendant. That price was afterward changed by agreement between plaintiff and the Schlitz Brewing Company to $3.75 per gross at Rochester, with the thirteen cents freight allowance. On July 6th plaintiff telegraphed defendant:

" Have sold entire lot subject to Schlitz of Milwaukee approval soon as he sees sample. Express sample to him, also to us; wire answer; must rush samples."

On the following day, July 7th, this telegram was confirmed by letter containing the statement:

"As to the price to invoice these bottles we will advise you, as the price made Schlitz was delivered price, but it is such that you will realize the same as per your dispatch and contract with us."

On July 16th, before the shipment of any bottles, plaintiff telegraphed the defendant directions to ship and invoice at $3.75, with thirteen cents freight allowance. The defendant immediately on receipt of the telegram of July 6th expressed a sample bottle to Schlitz, and some time about July 21st, as evidenced by a letter from the Schlitz Company, commenced shipping, and continued shipments up to July 27th, when apparently it stopped, having then shipped 3,160 gross, and, notwithstanding requests from both the Schlitz Company and from plaintiff, failed to ship more than that amount. Meanwhile, on July 3d, defendant sent a letter to the Schlitz Company direct, in which it made an offer of 5,000 gross of bottles, at $3.75 per gross, f. o. b. Rochester, less thirteen cents freight. That offer it was requested to hold open, but replied that it could not, as it had offered them elsewhere. On July 8th the Schlitz Company telegraphed that it would take the 5,000 gross, subject to 2 per cent. steaming guaranty, which offer was accepted by the defendant, with some modification as to the guaranty.

The court found, on this and other evidence, referred to in the opinion so far as necessary, that the plaintiff made sale of 5,000 gross of bottles in pursuance of defendant's offer to it, which sale was approved and confirmed by the defendant. It also found that the whole 5,000 gross were shipped in pursuance of such sale and of directions from the plaintiff, and received and accepted by the Schlitz Company in pursuance of such sale, but in that respect is unsupported by the evidence, except as to 3,160 gross. Judgment

upon that finding was accordingly entered in favor of the plaintiff for $937.50, or five per cent. upon the total price at $3.75 per gross, from which the defendant appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles*, and oral argument by *Geo. Lines*.

*N. S. Murphey*, for the respondent.

DODGE, J. That a contract was made to pay the plaintiff five per cent. if it would make sale of 5,000 gross of bottles for the defendant at the price named is undisputed. That the plaintiff did in good faith make a sale in attempted, though not exact, compliance with those terms, is also undisputed. That it notified defendant that it had sold, and defendant acknowledged such sale as made in pursuance of the contract, is established by the act of the latter in sending samples in pursuance of the telegram so notifying it. At this point, however, it is contended by defendant that no binding effect can be given to such act, because it was not notified that the sale was made on a different basis from that authorized, namely, on the basis of a delivered price in Milwaukee, involving not only the question whether the difference in price would cover the freight from Rochester to Milwaukee, but also the risk of loss and injury in transportation. But within ordinary course of mail, say a couple of days afterwards, defendant was notified of this fact by the letter of July 7th, that letter making it plain that plaintiff understood that the sale of which it had notified defendant, and which it expected the latter to accept, contained that term. Defendant having treated that sale as made, clearly the duty was to to notify plaintiff if any objection existed by reason of that modification, when information of it was received. Defendant then made no response whatever; neither did it upon receipt of plaintiff's letter of July 16th, before any bottles had been shipped, either in pursuance of plaintiff's sale to the Schlitz Brewing Company or in pursuance of defendant's

own sale to the same company. That letter certainly gave information of plaintiff's understanding that its sale had been accepted and that shipments were to be made in pursuance of it. Defendant followed that letter by shipping bottles and invoicing them in accordance with the directions of that letter. It is, of course, contended that the latter act is not significant, because that shipment was equally consistent with the understanding that it had sold the same bottles to Schlitz and was merely shipping upon its own sale. That act was, however, for consideration by the court, with the duty to draw proper inferences therefrom as to the conduct and intent of the parties. Another significant circumstance is that defendant was informed by letter of July 23d that both the plaintiff and the Schlitz Brewing Company understood the shipments which were then being made, and the transactions with reference to the 5,000 gross of bottles, to be under and in pursuance of the sale by the plaintiff. To that letter and to that point of view the defendant made no protest, but continued shipping up to the 27th of July. On the 9th of August, for the first time, did it suggest any repudiation of the plaintiff's sale. On that day plaintiff telegraphed defendant to complete the shipment of the 5,000 gross, and the latter replied that there was no record on its books or letter files of any order from the plaintiff to ship Schlitz any bottles, " with our acceptance of same." This correspondence was supplemented by an examination on the stand of the defendant's manager, in which he varied his position somewhat, contending that his conduct in August was due to an understanding that the samples had been found unsatisfactory under plaintiff's sale to the Schlitz Brewing Company, and presenting an attitude which the court might well have considered significantly evasive.

In the light of this evidence, we cannot say that the finding of fact by the trial court that plaintiff's sale was approved and confirmed after defendant was notified of all

material parts of it is not justified by reasonable inferences to be drawn from the correspondence between the parties and the testimony of the defendant's manager on the stand. If so, the liability for five per cent. on the selling price, not only of the bottles actually shipped, but of all which the plaintiff sold, necessarily results.

*By the Court.*— Judgment affirmed.