Bowe and another, Respondents, vs. Gage and another, Appellants.

*January 31—February 23, 1906.*

*Brokers: Commissions, when earned: Sale by principal: Nonsuit: Direction of verdict: Compromise and settlement: Fraud: Misrepresentation of material facts: Repudiation: Tender of money paid: Instructions to jury: Trial: Reading from opinion of supreme court: Deceit: Special verdict.*

1. Under a contract to pay a broker, for his services in endeavoring to effect a sale, two per cent. of the price for which the property should be sold to any customer produced by him, the broker earns his commissions if he produces a purchaser to whom the principal in fact sells.
2. Where there is evidence tending to prove the making of a contract to pay a broker, for his services in endeavoring to effect

a sale, a certain percentage of the price for which the property should be sold to any customer produced by him, and also of the production of a purchaser to whom a sale was in fact made, in an action to recover commissions it is not error to refuse a nonsuit or to refuse to direct a verdict for defendant.

3. A real-estate broker employed to procure a purchaser, after expending considerable effort to obtain a possible purchaser, on representation by the principal that he had decided to keep the land and not sell it, was induced to accept a small sum in full for his services. The principal, however, at once proceeded to sell to the very customer brought to his notice by the broker. *Held*, that the statement that the principal had decided to keep the land and not sell it was a false representation of an existing fact, although depending on the principal's mental state.

4. In such case the broker was entitled to retain the money paid, subject only to an equity in favor of the principal that, if the broker showed himself entitled to payment according to the contract of employment by reason of completed performance thereof, such payment should be applied thereon, and where such application is offered by the complaint and made by the judgment, it is, in practical effect, a return of the money to the principal.

5. The whole doctrine of refund upon repudiation of a contract of settlement is, not technical, but equitable, and requires merely that practical rights of the other party shall not be thereby prejudiced; that he shall be no worse off than if he had never made the contract of settlement.

6. Application of money paid on a void settlement to an actual existing debt due from the payor entirely satisfies all requirements of refunding or tender as a prerequisite to denying a settlement on the ground of fraud.

7. Instructions to the jury on the *quantum* and character of evidence necessary to warrant a finding of fraud inducing a settlement, merely cautioning them that they are to find fraud only if they are "satisfied by a preponderance of the evidence," in the face of requests for instructions that, notwithstanding a mere preponderance of evidence, the finding of fraud should not be made unless the jury were satisfied by evidence that was clear, satisfactory, and convincing, are erroneous, since it is only upon evidence that is clear and satisfactory that an affirmative finding of fraud can properly be made.

8. The practice of counsel to request and trial judges to read to juries passages from opinions of the supreme court is unwise, and usually improper if it goes beyond a mere statement of a rule of law.

9. In an action by a real-estate broker to recover commissions, an instruction that "When a sale is effected through the efforts of a real-estate agent or through information derived from him so that he may be regarded as the procuring cause, his services are regarded in the law as highly meritorious and beneficial and the law leans to that construction which will best secure the payment of his commission rather than the contrary," is erroneous.

10. In an action for deceit the sole question is whether the misrepresentation in fact deceived the party involved and materially. affected his conduct. Effectiveness of deceit is to be tested by its actual influence on the person deceived, not by its probable weight upon another, and hence, in such action, it is not error to refuse to submit as part of a special verdict a question as to whether the misrepresentations were sufficient to influence the conduct of a person of ordinary intelligence.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

The defendants, being interested in a farm in Fond du Lac county, entered into an agreement with the plaintiffs, real-estate agents, to the effect, as found by the jury, that, if plaintiffs should effect a sale or procure a purchaser at a price acceptable to the defendants, the latter would pay plaintiffs a two per cent. commission on the price obtained. Eighteen thousand dollars was stated as the price which defendants desired or demanded. Plaintiffs made various exertions to make sale, reported several offers, which were unsatisfactory, and at length, about January 28, 1903, obtained and communicated offer from one Ferber of $17,000, which was rejected by defendants as inadequate, and negotiations by plaintiffs continued. On February 20, 1903, defendant *Gage* came to plaintiffs and stated to them that he had bought the farm from the other co-owners and that they felt like paying the plaintiffs something, although they had not earned their commission according to contract. Plaintiffs responded that they were still hopeful of effecting a sale to Ferber at a satisfactory price; whereupon *Gage,* as found by the jury, repeated to

plaintiffs that he had decided and intended to keep the farm as a home for himself and not to sell it; that it was no longer in the market; whereupon the plaintiffs said that, if he had so decided, they would forego any claim to continue efforts to find and effect a sale, and accepted his offer to pay them $25 for what they had done, and gave a receipt in full for all their services in that connection. At the moment of such negotiation defendant *Gage* had not determined or decided to withdraw said farm from the market or to keep it, but was on his way to see the same man Ferber with the then present intent to sell to him if a satisfactory price could be obtained. The following day he did effect such sale for $17,356, upon learning which the plaintiffs demanded payment of their commission of two per cent. on that amount, less the $25 received by them, which they credited thereon; that being refused, they brought this action to recover that amount. A special verdict was found, substantially to the foregoing effect, whereupon judgment was entered in favor of the plaintiffs for $365.38 and costs, from which defendants appeal.

For the appellants there was a brief by *Doyle & Hardgrove,* and oral argument by *T. L. Doyle.*

For the respondents there was a brief by *Duffy & McCrory,* and oral argument by *W. H. McCrory.*

DODGE, J. 1. The sufficiency of the complaint to state a cause of action is assailed. Appellants' argument upon this subject, as also upon sufficiency of the proofs, is pervaded by an assumption that the agreement was to pay commission only in case plaintiffs found a customer ready and willing to pay $18,000. Such assumption is not supported by the complaint and is negatived by the verdict. The one alleges, and the latter finds, a contract to pay plaintiffs for their services in endeavoring to effect sale two per cent. of the price for which the farm should be sold to any customer produced by them. This is substantially the contract dealt with in *Stewart v.*

*Mather,* 32 Wis. 344, where it was held that the broker earns his commissions if he produces a purchaser to whom the principal in fact sells. *Willey v. Rutherford,* 108 Wis. 35, 84 N. W. 14; *Terry v. Reynolds,* 111 Wis. 122, 86 N. W. 557; *Edward H. Everett Co. v. Cumberland Glass Mfg. Co.* 112 Wis. 544, 88 N. W. 597. We may also say in this connection that we find evidence tending to prove the making of such contract, as also the production of the purchaser to whom the sale was made; hence there was no ground for nonsuit or direction of verdict on that theory, as also contended by appellants.

Appellants also urge, in support alike of demurrer *ore tenus* and motions for nonsuit and direction of verdict, that the accord and satisfaction is not impeached, first, because no misrepresentations of any existing fact are alleged or proved, and, second, because no return of the $25 paid on said settlement was ever made or tendered. In discussing the first ground appellants seek to treat *Gage's* declarations to plaintiffs that he had decided to keep the farm and not to sell it as a mere promise now sought to be added to the written agreement then made. This is a misconception. It was the statement of an existing fact, albeit depending on defendants' mental state. If they had in fact withdrawn the property from sale, as they had right to do, all prospect for earning commission as result of the work plaintiffs had already done was at an end, and the latter would naturally be induced to accept anything they could obtain and release defendants from the mere moral obligation resting upon them. The complaint alleges and the verdict finds representation of such an existing mental determination. By undisputed evidence it is shown that it did not exist, but, on the contrary, *Gage* then had the present intention to proceed at once to efforts to sell to the very customer brought to his notice by plaintiffs. We cannot doubt that false representation of an existing material fact was alleged and supported by some evidence.

Upon the question whether the conceded failure to either

return or tender back the $25 paid precluded plaintiffs from denying the validity of the settlement on the ground of fraud, the decisions of this court leave little doubt, especially when set up by way of defense. *Leslie v. Keepers,* 68 Wis. 123, 31 N. W. 486; *Davis & Rankin Bldg. & Mfg. Co. v. Riverside B. & C. Co.* 84 Wis. 262, 268, 54 N. W. 506; *Friend Bros. C. Co. v. Hulbert,* 98 Wis. 183, 73 N. W. 784; *Gay v. D. M. Osborne & Co.* 102 Wis. 641, 78 N. W. 1079; *Bostwick v. Mut. Life Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *Fosha v. O'Donnell,* 120 Wis. 336, 345, 97 N. W. 924. The settlement was, in any event, valid and binding upon defendants so that plaintiffs were entitled to retain the money, subject only to an equity in favor of defendants that, if plaintiffs showed themselves entitled to payment according to the terms of the contract of employment by reason of completed performance thereof, such payment should be applied thereon since it had been paid as compensation for part of the same services. Such application was offered by the complaint and made by the judgment. This was in practical effect a return of the money to the defendants, for it was applied, to their benefit, upon a debt which the jury has found that they owed. This entirely satisfied the rule of the above decisions holding that the whole doctrine of refund upon repudiation of a contract of settlement is, not technical, but equitable, and requires merely that the practical rights of the other party shall not thereby be prejudiced; that he shall be no worse off than if he had never made the contract of settlement. Under this principle, application of money paid on a void settlement to an actual existing debt due from the payor entirely satisfies all requirements.

2. Error is assigned upon the rule of law adopted by the court and communicated to the jury as to the *quantum* and character of evidence necessary to warrant a finding of fraud, inducing the settlement and receipt. The charge merely cautioned the jury that they were to find such fraud only if they

were "satisfied by a preponderance of the evidence" that it occurred; and this, too, in face of a request for further instruction that, notwithstanding a mere preponderance of evidence, the finding of fraud should not be made unless the jury were satisfied by evidence that is clear, satisfactory, and convincing. It is well settled that certain facts including fraud, mistake, and the like are not to be found as readily as the affirmative of ordinary issues not involving turpitude, or the repudiation of deliberate and formal writings, and while the doctrine earlier declared, that the evidence must establish such facts beyond reasonable doubt, has been abandoned, it is held that only upon evidence that is clear and satisfactory can an affirmative finding of fraud properly be made. A court, in submitting the issue of fraud to a jury, does not perform its duty without instruction marking this distinction. *Parker v. Hull,* 71 Wis. 368, 37 N. W. 351; *F. Dohmen Co. v. Niagara F. Ins. Co.* 96 Wis. 38, 52, 71 N. W. 69; *Shaw v. Gilbert,* 111 Wis. 165, 188, 86 N. W. 188; *Klipstein v. Raschein,* 117 Wis. 248, 252, 94 N. W. 63; *Richmond v. Smith,* 117 Wis. 290, 293, 94 N. W. 35; *Harrigan v. Gilchrist,* 121 Wis. 127, 425, 99 N. W. 909. The instruction given would correctly enough have defined the jury's duty upon an ordinary issue of fact (*Anderson v. Chicago B. Co., post,* p. 273, 106 N. W. 1077); but it was incomplete as a guide in passing upon fraud, and the failure to add the proper qualification when requested so to do must be held error.

3. Error is assigned upon an instruction upon the question relating to the terms of the employment:

"I will instruct you further in connection with this question that where a sale is effected through the efforts of a real-estate agent or through information derived from him so that he may be said to be the procuring cause, his services are regarded in law as highly meritorious and beneficial and the law leans to that construction which will best secure the payment of his commission rather than the contrary."

This is quotation of a somewhat rhetorical and argumentative statement by Dixon, C. J., of not alone a rule of law, but reasons therefor, in *Stewart v. Mather,* 32 Wis. 344, 350. It is an apt illustration of a tendency in counsel to request, and in trial judges to read to juries, passages from opinions which it is hoped will convey a favorable impression. The practice is unwise, and usually improper if it goes beyond a mere statement of a rule of law. The duty of the trial court is performed when he communicates the rule which should guide the jury without stating the reasons which support it, or quoting comments approving or derogatory to those who obey or infringe. It was improper to suggest to the jury in this case that real-estate agents are more meritorious or entitled to any more favor than people in other walks of life. Yet such must be the effect of the instruction now under criticism. For no other reason was it suggested to the trial court. At most, it was proper to inform the jury that if the contract, as they found it to have been expressed between the parties, was ambiguous, they should favor a construction which would justify an affirmative answer to the second question of the special verdict, namely, whether the agreement was to pay commission upon procurement of a customer at an acceptable price. Even that would not be proper unless the construction of the contract was open to the jury by reason of ambiguity in language or conflict of evidence as to extrinsic facts tending to elucidate the meaning of the parties. *Vilas v. Bundy,* 106 Wis. 168, 176, 81 N. W. 812. Where the jury had only to decide whether one set of words or another were in fact used, neither being ambiguous, such an instruction as this would be highly misleading. No rule of law confers higher credibility on a real-estate agent, as such, than upon others.

Error is assigned upon refusal to submit in the special verdict three questions requested. The first and second were properly refused, because of entire absence of conflict in the evidence upon their subjects. The third inquired whether

the misrepresentations were sufficient to influence the conduct of a person of ordinary intelligence. There is no such issue in an action for deceit. The sole question is whether the misrepresentations in fact deceived the party involved and materially affected his conduct. Effectiveness of deceit is to be tested by its actual influence on the person deceived, not by its probable weight with another. *Barndt v. Frederick,* 78 Wis. 1, 11, 47 N. W. 6; *Kaiser v. Nummerdor,* 120 Wis. 234, 239, 97 N. W. 932.

Some other errors are assigned, but we cannot discover that discussion of them can be useful upon the retrial.

*By the Court.*—Judgment reversed, and cause remanded for new trial.