DE GROOT, Appellant, vs. VELDBOOM, Respondent.

*February 7—March 5, 1918.*

*Replevin: Counterclaim for fraud: "Connected with the subject of the action:" Special verdict: Omissions: Presumed findings by court: Judgment: Granting relief to both parties: Evidence as to fraud: Sufficiency.*

1. In replevin for personal property which plaintiff was to receive in exchange for land conveyed to defendant, although no contract or transaction was set forth in the complaint the defendant properly pleaded a counterclaim for fraud of the plaintiff by which defendant was induced, at the time of making the exchange, to accept a deed of the land by the terms of which he assumed a mortgage thereon instead of getting a clear title,— such cause of action being "connected with the subject of the action" within the meaning of sec. 2656, Stats.

2. A special verdict in such action containing a finding of the fraud but no finding as to whether or not defendant was negligent in accepting the deed, was defective, but under sec. 2858m, Stats., no request for a submission of the latter question having been made, the fact must be deemed to have been found by the court against the plaintiff in conformity with the judgment against him.

3. No reformation of the deed having been sought, the defendant, who recovers damages for the fraud, will be bound by the terms of the deed and must pay the mortgage debt.

4. In replevin for personal property which plaintiff was to receive in an exchange, where defendant counterclaimed for plaintiff's fraud in connection with the exchange, a judgment awarding the property to plaintiff and damages to defendant on his counterclaim was proper in form and did not constitute two judgments.

5. Recovery may be had in cases of fraud where the fraud is established by a clear and satisfactory preponderance of the evidence.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Replevin and counterclaim. The material facts are as follows: On May 12, 1914, the plaintiff was the owner of a small tract of land. At the same time the defendant was the owner of a threshing-machine outfit. On said day the plaintiff and the defendant agreed upon an exchange of their property, by which the plaintiff was to deed to the defendant the real estate, and the defendant was to convey to the plaintiff by bill of sale the threshing outfit and to pay in addition thereto the sum of $575. There was a mortgage upon the land for $800, which the defendant claims plaintiff was to pay, and which plaintiff claims the defendant was to pay. The following day the parties met in the city of Sheboygan and a deed was prepared, by the terms of which the defendant assumed and agreed to pay the mortgage. The defendant paid the plaintiff $575, the bill of sale was executed, and immediately thereafter a controversy arose in regard to the $800, the defendant claiming that he did not understand the language used to mean that he was to pay the mortgage. Plaintiff refused to rectify it. Thereafter the defendant had the deed recorded and took possession of the real estate, and on October 17, 1914, sold the same subject to the mortgage, the purchaser, however, assuming and agreeing to pay the mortgage. The threshing outfit remained in the possession of the defendant and delivery was refused. This action was begun originally against a brother of the defendant upon whose premises the machine was situated, and upon proceedings the defendant here was substituted for the original defendant and the action proceeded. The complaint is for replevin in the usual form. The defendant answered, denied ownership of the property in the plaintiff, made other allegations relating to defensive matters, and by way of counterclaim alleged that on May 13, 1914, the plaintiff was the owner of the real estate referred to; that defendant

did not know that there was a mortgage on said property, which fact was known to the plaintiff; that immediately upon discovery of the fact that he had. assumed and agreed to pay the mortgage he offered to return the deed and demanded the bill of sale and the amount of cash he paid to the plaintiff and a rescission of the sale; that plaintiff knew at the time of the transaction that defendant understood that he was to receive a deed to the property free and clear of all incumbrances; that plaintiff wrongfully and fraudulently led the defendant to believe that the title he was getting to the property was free and clear of all incumbrances; further alleged that when plaintiff discovered that the defendant had learned of the existence of the. mortgage lien and its effect upon his title to the land, plaintiff promised and agreed to save the defendant harmless from such mortgage lien, which the plaintiff has refused to do; that the matters set out in the counterclaim arose out of the same transaction as that described in plaintiff's complaint, and that the cause of action set forth in the defendant's counterclaim is connected with the subject of plaintiff's action, and demanded judgment against the plaintiff for the sum of $800 with interest at the rate of four per cent. per annum from April 1, 1914. There was a reply to the counterclaim, and upon the issue so made the cause was submitted to the jury.    The jury found as follows:

"(1) At the time when the plaintiff, *Peter De Groot,* and his wife executed and delivered to the defendant, *John R. Veldboom,* the deed which conveys to him the land described in his answer, and when he executed and delivered to plaintiff the bill of sale of the personal property described therein and in the affidavit for replevin, and paid to plaintiff $575 in money as the purchase price of said land, did *John R. Veldboom* then understand and believe that the mortgage for $800 which was then a lien on said land should be paid by the plaintiff, *De Groot,* under the agreement as *Veldboom* understood it?    *A.* Yes.

"(2) Did *John R. Veldboom* pay said money and execute

and deliver said bill of sale to plaintiff upon the belief and understanding on *Veldboom's* part that the plaintiff, *De Groot,* should pay said mortgage? *A.* Yes.

"(3) If your answer to the first question be 'Yes,' then answer this: Did the plaintiff by his own acts and conduct, or by the acts and words of his agent, Ira Jentink, lead *John R. Veldboom* to believe and understand that said mortgage was to be paid by *De Groot* under their agreement? *A.* As to *Peter De Groot* we answer Yes. As to Ira Jentink we answer Yes.

"(4) If your answer to the first question be 'Yes,' then answer this: At the time mentioned in the first question did plaintiff know that *John R. Veldboom* was buying the land and paying the consideration therefor upon the belief and understanding that the plaintiff, *De Groot,* should pay said mortgage? *A.* Yes.

"(5) If your answer to the fourth question be 'Yes,' then answer this: At any time before the deed was delivered and the consideration therefor was paid, did either the plaintiff, *De Groot,* or Charles Voigt, or Ira Jentink, inform *John R. Veldboom* in such a way as to be understood by him that *Veldboom* was to pay said mortgage? *A.* As to plaintiff, *De Groot,* we answer No. As to Ira Jentink we answer No. As to Charles Voigt we answer No.

"(6) On May 13, 1914, and after the bill of sale and the deed had been executed and delivered, did plaintiff promise and agree to and with *John R. Veldboom* to save him harmless from the lien of said mortgage? *A.* ——.

"(7) What was the market value of said land on May 13, 1914? *A.* $1,350.

"(8) On May 13, 1914, what was the market value of the personal property described in said bill of sale? *A.* $650."

Plaintiff made appropriate motions, and thereafter judgment was entered awarding the defendant $800, awarding the title and custody of the threshing outfit to the plaintiff, judgment therefor to be stayed, however, until the amount awarded the defendant was paid, and giving each party his costs and offsetting the same. From this judgment the plaintiff appeals.

De Groot v. Veldboom, 167 Wis. 107.

For the appellant there was a brief by *Bowler & Bowler* of Sheboygan, and oral argument by *T. M. Bowler.*

For the respondent there was a brief by *Prescott & Gillen* of Sheboygan, and oral argument by *A. C. Prescott.*

ROSENBERRY, J.    Plaintiff contends (1) that the matters set out in the counterclaim are not pleadable as such under sec. 2656, Stats.    We shall not set out that section here. Suffice it to say that it provides that a counterclaim may be interposed where it sets out a cause of action arising out of a contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action.    No contract or transaction is set forth in the complaint, but we think the cause of action set forth in the counterclaim is clearly connected with the subject of the action, as that is defined in *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445.    It is there laid down:

"In possessory and proprietary actions, whether involving real or personal property, the subject of action is composed of the plaintiff's primary right together with the specific property itself."

No useful purpose would be served by a reconsideration of this matter; it was there fully and elaborately considered and we adhere to the principles and doctrines there laid down.

The second contention of the plaintiff is that there is not a sufficient quantum of evidence to sustain a reformation of the deed by the terms of which the defendant assumed and agreed to pay the mortgage.    The defendant is not here seeking to reform the deed or to rescind his contract, but alleges that the insertion of the clause by the terms of which he was to pay the mortgage was as to him a fraud; that he has suffered damage therefrom, and he seeks recovery of the damages.    The jury has found upon this issue in favor of the defendant, under an instruction of the trial court that in

order to so find it must appear to the jury that the fact is established by a clear and satisfactory preponderance of the evidence. Upon this theory of the case, however, the verdict upon its face is fatally defective. There is no finding by the jury as to whether or not the defendant was negligent in accepting the written instrument in question, nor is there any express finding upon that matter by the court. However, in accordance with the provisions of sec. 2858*m,* Stats., this fact not having been brought to the attention of the trial court by a request, the fact must be deemed to have been found by the court against the plaintiff, in conformity with the judgment as provided therein.

It is also claimed that the judgment in this case is not in the proper form; that there are two judgments: one a judgment in favor of the plaintiff for the return of the property, the other a judgment in favor of the defendant for the amount of his damages.

Relief is often granted to both of the parties to an action. The fact that each party recovers does not make more than one final judgment. The defendant seems to have tried the issue raised by the counterclaim on the theory that he was entitled to recover on account of fraud committed by the plaintiff, and plaintiff to defend on that issue on the ground that there was no evidence sufficient to entitle the defendant to a reformation, that there was no prayer for reformation, and that therefore the defendant was concluded by the terms of the deed.

Here, however, no reformation is sought. The defendant is and will be bound to pay the amount of the mortgage. He recovers for his damages in this action for the fraud perpetrated upon him by the plaintiff, as found by the jury, and no question of the reformation of an instrument is involved. The instructions of the court to the jury laid down the true rule as established by the decisions of this court; that is, that recovery may be had in cases of fraud where the fraud is es-

tablished by a clear and satisfactory preponderance of the evidence. *Bowe v. Gage,* 127 Wis. 245, 106 N. W. 1074; *Brennan v. Healy,* 157 Wis. 37, 145 N. W. 641.

*By the Court.*—Judgment affirmed.