## CHARBONEAU vs. ORTON and another.

ACCORD AND SATISFACTION: EVIDENCE: *(1–3) Whether a receipt was in full, upon its face. Proof of intent.*
ATTORNEY AND CLIENT: *(4) Duty of attorney as to payment of moneys collected, and how enforced.*

1. A receipt given by a client to his attorneys was for a certain sum, "being the amount collected by them," at a specified date, "on the judgment recovered by me" [describing the judgment by the venue and parties defendant], "with interest up to that date, *leaving in their hands* $500, balance for their services claimed by them, and also the attorneys' fees, state tax and affidavits [disbursements?] included in the taxed bill of costs." *Held,* that this did not purport, on its face, to be a receipt *in full;* and the question whether the money was received in full payment of the receiptor's claim on account of such collection, must be determined by other evidence.

2. Upon the testimony (for which see the opinion), this court concurs in the finding of the court below, that the sum named in the receipt was accepted by plaintiff as full payment, subject only to any deduction from defendants' charges to which one of them (not present at the settlement) should consent; and that the latter never consented to any deduction.

3. The court below rejected plaintiff's testimony that certain erasures and interlineations made in the receipt before he signed it, were made in order to satisfy him that it was not so drawn as to show a final settlement. This court, regarding these alterations as not changing the legal effect of the instrument, decides the cause as though the evidence had not been stricken out, without determining whether it was in fact admissible.

4. An attorney having in his hands moneys collected for his client, though he may retain out of them reasonable charges for his services, cannot exact a receipt in full as a condition of paying over the amount admitted to be due the client; but the court, on summary application, after due demand, will compel the attorney to pay over such amount, requiring the client only to receipt therefor on account.

APPEAL from the Circuit Court for *Jefferson* County.

The defendants, who were attorneys and partners in business, brought an action for the present plaintiff against John Jung and others, to recover a sum of money alleged to

be due from the latter to the plaintiff. That action was litigated through the circuit and supreme courts, and resulted in a judgment for the plaintiff. The defendants collected the judgment in December, 1872, receiving thereon $2,695.09, besides $25 costs in this court. The money was received by the defendant *Mulberger*, who immediately notified the plaintiff of the fact. The parties thereupon attempted to adjust their accounts in respect to the defendant's services in that action (concerning which there was no special contract between them), but were unable in the first instance to do so. *Mr. Mulberger* demanded $500 and the taxable attorney's fees for such services, in addition to $120 which the plaintiff had previously paid them on account thereof. The plaintiff was not willing to allow them those sums. *Mr. Mulberger* offered to pay the plaintiff $2,115.93 of the money so collected; but, in two interviews between them, the plaintiff declined to accept that sum in full. At a third interview, however, he accepted the last mentioned sum from *Mr. Mulberger*, and gave him therefor the following receipt: " Received of *Orton & Mulberger* $2,115.93, being the amount collected by them on the 14th day of December, 1872, on the judgment recovered by me in the Dodge county circuit court, against John Jung et al., with interest up to that day, leaving in their hands five hundred dollars balance for their services claimed by them, and also the attorney's fees, state tax and affidavits included in the taxed bill of costs. Dated January 6th, 1873.          L. CHARBONEAU."

Probably the word " affidavits " in the receipt should be read " disbursements."

This action is to recover the balance of the collection thus left in the hands of the defendants. The original answer contained a counterclaim, *quantum meruit*, for services in the action against Jung and others, to an amount exceeding such balance. The cause was referred to three referees to hear, try and determine the issues. On the trial before the referees,

the defendants were permitted to amend their answer by inserting therein an averment that the plaintiff accepted and received the money mentioned in the receipt, in full satisfaction of his demand. The facts above stated are established by the evidence introduced on the trial. On the issue made by the amendment to the answer, the testimony is conflicting. A statement of it will be found in the opinion of the court.

The referees found that there was no final settlement between the parties, and adjusted their accounts, finding a balance of $128.76 due from the defendants to the plaintiff. The circuit court, on motion and exceptions, made an order setting aside the findings and report of the referees in these particulars, and modified the same by finding that the $2,115.93 was received by the plaintiff and accepted in full settlement for the moneys collected for him by the defendants, subject only to any deduction from the defendants' charges which *Judge Orton* might consent to; that the latter never consented to any deduction; and that the defendants were not indebted to the plaintiff, and were entitled to judgment that the action be dismissed, with costs. From this order the plaintiff appealed.

*N. Bruett* and *G. W. Bird* for appellants:

1. The receipt was open to explanation by parol, and plaintiff's evidence as to the purpose of the alterations apparent thereon was competent. *Woodman v. Clapp*, 21 Wis., 350; *Clifford v. Baessman*, id., 597; *State v. Dickinson*, 41 id., 299; *Seymour v. Wilson*, 14 N. Y., 567. 2. The settlement claimed by defendants was not established. They first based their defense upon *quantum meruit*, and alleged a balance due them. This was inconsistent with their subsequent claim of a settlement in full. The destruction of the receipt in full, and substitution of another, shows that there was no settlement. Defendants had the burden of proof. *Sanborn v. Babcock*, 33 Wis., 400. The evidence being contradictory, with no decided preponderance either way, a presumption arises that the

referee's findings were correct *(Quackenbush v. Ehle*, 5 Barb., 469; *Eaton v. Benton*, 2 Hill, 576; *Green v. Brown*, 3 Barb., 119; *Spencer v. Railroad*, 5 id., 337; *Durkee v. Mott*, 8 id., 423; *Bears v. Copley*, 6 Seld., 93; *Grube v. Schultheis*, 4 Daly, 207; *Hoogland v. Wight*, 7 Bosw., 394; *Woodruff v. McGrath*, 32 N. Y., 255); and this rule is not changed by sec. 16, ch. 264, Laws of 1860.  3. If plaintiff accepted the sum paid as settlement in full, it was through necessity, defendants having refused to pay over any part of the moneys in their hands on any other terms.  The relations of the parties raise a presumption against the integrity of such a settlement, and plaintiff is not bound by it.  *Brock v. Barnes*, 40 Barb., 521; *Mason v. Ring*, 2 Abb. Pr., N. S., 322; *Hatch v. Fogerty*, 40 How. Pr., 492; *Allard v. Lamirande*, 29 Wis., 503; *Barry v. Tucker*, 3 Sandf., 696; *Ford v. Harrington*, 16 N. Y., 285; *Howell v. Ransom*, 11 Paige, 538; *Merritt v. Lambert*, 10 id., 352; *Wallis v. Laubat*, 2 Denio, 607; *Star v. Vanderheyden*, 9 Johns., 252; *Christy v. Douglass*, 1 Ohio (Wright), 485.

*C. H. Gardner*, for respondents, contended, 1. That the circuit court had ample power, in reviewing the referee's report, to modify it as it had done.  Sec. 23, ch. 132, R. S.; *Learmonth v. Veeder*, 11 Wis., 138.  2. That there had been a mutual adjustment of accounts between plaintiff and defendants, after full opportunity to examine and decide; and, neither party having been misled or deceived, the plaintiff should not be permitted to disregard it.  *Martin v. Beckwith*, 4 Wis., 220; *Calkins v. State*, 13 id., 389; *Wheeler v. Meriden Cutlery Co.*, 23 id., 584; *Kercheval v. Doty*, 31 id., 477; *Wilson v. Runkel*, 38 id., 526; *Thornton v. Madison Woolen Mills*, 41 id., 265; *Baxter v. State*, 9 id., 38.  3. That it was necessary for plaintiff to allege and prove a demand before action brought.  *Eaton v. Gentle*, 1 Chand., 11; 6 Wait's Pr., 396, and cases there cited; Til. & Shear. Pr., 92, 94.

LYON, J.   1. The plaintiff's receipt of January 6, 1873, does not purport to be in full of all claims against the defendants on account of the moneys collected by them on the judgment against Jung and others; neither is it, in terms, a receipt on account of such collection.   The object of the receipt was, doubtless, to preserve written evidence of the sums respectively paid over and retained by the defendants, and no attempt seems to have been made to express in it the terms of any agreement between the parties as to the effect of such payment, if any such agreement was made.   We must therefore look to the other evidence in the case for a solution of the question whether the plaintiff received the money in full, or only on account of the collection.

The only direct testimony on the subject was given by the plaintiff, the defendant *Mulberger*, and Mr. Gardner.   The plaintiff denied that there was any settlement between himself and *Mr. Mulberger*, or that he accepted the money in satisfaction of his claim against the defendants on account of the collection.   On the other hand, *Mr. Mulberger* testified that the plaintiff accepted the money in full settlement of the whole matter, with the single qualification that if *Judge Orton* should afterwards consent to a reduction of the defendants' charges for their services, the reduction should be made.   Mr. Gardner, who was present when the money was paid to the plaintiff and the receipt given, fully corroborates the statements of *Mr. Mulberger* in every essential particular.

Regarding the conflicting testimony of the parties as balanced, we have the testimony of a credible and disinterested witness thrown in the scale in favor of the defendants.   Can there be a doubt that the direct evidence preponderates in their favor ?   Some collateral circumstances were proved, which, perhaps, have some bearing upon the question of settlement; but they are not very material, and fall far short of overcoming the great preponderance of direct proof of a settlement between the parties.   The fact that the settlement was not

pleaded in the first instance, is not of much significance. There may have been good reasons for not interposing that defense in the original answer, consistent with the fact that there was a settlement.

*Judge Orton* never consented to any reduction of the defendants' charges.. It must be held, therefore, that the modifications of the report of the referees, by the circuit court, are supported by the evidence.

2. When the receipt of January 6th was produced on the trial before the referees, it showed some erasures and interlineations, and the plaintiff was permitted, under objection, to testify that the same were made to satisfy him that it was not so drawn as to show a final settlement. The objection was renewed in the circuit court, and sustained. The ruling is assigned as error.

As originally drawn, the receipt contained the words "with interest," immediately after the figures 1872. These words were erased. It also contained the word "less," which was erased, and "leaving in their hands" interlined in stead. The same word again occurred towards the close of the receipt, which was erased and "also" interlined. These alterations do not change the legal effect of the instrument, but were necessary to make the receipt express clearly and accurately the sum collected on the judgment, the sum paid to the plaintiff, and the sum retained by the defendants; and they do not indicate that they were made for the purpose alleged by the plaintiff. Upon this subject, however, it is sufficient to say that we have considered the case as though the testimony had not been stricken out.

3. There is one other feature of this case, which, although not affecting our decision, presents a question of professional duty which cannot be passed over in silence without danger of appearing to give the sanction of this court to a practice which it cannot sanction. It appears from the proofs that *Mr. Mulberger* refused to pay over any of the moneys collected for the

plaintiff, unless the latter would accept the sum offered, in full satisfaction, and so receipt therefor. *Mr. Mulberger* had the undoubted right to retain out of the collection the defendants' reasonable charges for their services; but it was not competent for him to exact a receipt in full as a condition precedent to paying over the sum admitted to belong to the plaintiff. The parties disagreed as to the defendants' charges, and in such a case it is the duty of the attorney to pay to his client the sum which he admits his client is entitled to receive, and the latter can only be required to receipt therefor on account, to evidence the sum paid, leaving the balance to be adjusted in some appropriate proceeding. In such a case, and after due demand, the court, on a summary application, will compel an attorney to pay over the sum which he admits due his client, and will only require the client to receipt therefor on account.

These remarks must not be understood as a censure of *Mr. Mulberger*, for they are not so intended; but they are made because a question of professional duty is involved, and silence might result in misapprehension. It is but justice to *Mr. Mulberger* to say, that there is considerable evidence tending to show that the plaintiff is a somewhat exacting and troublesome client, inclined to distrust and censure his attorneys unjustly, and we can well understand and appreciate the very natural desire of *Mr. Mulberger* to close up the whole transaction at once, leaving nothing for future controversy.

*By the Court.*— The order of the circuit court is affirmed.