## WEST vs. WELLS.

*February 14— March 14, 1882.*

SALE OF CHATTEL: *Liability of purchaser's agent: Misleading instruction.*

In an action for the purchase price of hay delivered by plaintiff to one M., plaintiff's evidence tended to show that the hay was purchased by defendant, and that the latter did not disclose the fact that he was acting

as agent for another; and defendant's evidence tended to show that he acted merely as bearer of messages to plaintiff from M. or S. or one of them, concerning the purchase, and that his relation to the transaction was fully disclosed to plaintiff. *Held*, that it was error to instruct the jury that "if defendant gave plaintiff a right to understand that he (defendant) was *making himself responsible* for the hay, and that plaintiff might look to him for the pay," then he was liable; the only question under the evidence being whether defendant purchased the hay, without disclosing his principal.

APPEAL from the Circuit Court for *Clark* County.

Action to recover the price of eight tons of hay alleged to have been sold and delivered by the plaintiff to the defendant. The answer is a general denial. The case is stated in the opinion. Defendant appealed from a judgment against him for the amount of the plaintiff's demand.

*R. J. MacBride*, for the appellant.

*James O'Neill*, for the respondent.

LYON, J.   The testimony on the part of the plaintiff tends to show that the hay, to recover the price of which this action was brought, was purchased by the defendant, and that the defendant did not disclose that he was making the purchase for and on the responsibility of another, for whom he was acting as agent. The hay was delivered to one Meeks, who was getting out logs for Mr. Spaulding. The testimony of the defendant tends to show that, although he had some part in purchasing the hay, he was acting for either Meeks or Spaulding, or both, merely as the bearer of messages from them, or one of them, concerning the purchase, and that his relation to the transaction was fully disclosed to the plaintiff, who sold the hay to Meeks or Spaulding, and not to him.

The learned circuit judge instructed the jury as follows: "The plaintiff's counsel claims that *Mr. Wells* may have so managed the negotiation as to have given the plaintiff the right to understand that he would pay for it, or that the plaintiff might look to the defendant for the pay.   It is upon the prin-

ciple that, if he did not in fact buy the hay, he has misled the plaintiff to his damage. You will consider that question in connection with the other question: Did the defendant buy the hay? Or did he so conduct the negotiation as to give the plaintiff a right to understand that he was making himself responsible for it, and that he might look to him for the pay? If he did either of these things — either bought it or gave the plaintiff the right to understand 'that he was responsible for the hay, and that he might look to him for the pay,— then he should be held responsible for it. But if he did not buy the hay, and if he notified the plaintiff that he was not buying the hay, and that the pay was to come from another source, then he should not be responsible for the hay."

Assuming that the defendant made the contract with plaintiff for the purchase of the hay and its delivery to Meeks, the controlling question of fact in the case is, Did the defendant disclose for whom he was acting, and make the purchase on the responsibility of his principal? If he did so, he is not liable, because it is not claimed that he specially bound himself as surety for his principal. If he did not disclose his principal, he is liable. Failing to do so, he made himself the principal, and became the absolute purchaser of the hay, and is liable to pay for it. Hence, the question for the jury to determine was, whether the defendant purchased the hay, and that question was clearly and properly submitted to them by the judge. Had he stopped there, the charge would be faultless. But he went further, and submitted to them the question whether the defendant so conducted the negotiation as to mislead the plaintiff to believe that he was making himself personally responsible for the price of the hay.

The jury might well have understood from this instruction that, although they should find the defendant disclosed to the plaintiff that he was acting for Meeks or Spaulding in making the purchase, and did not, in fact, agree to pay for the hay, they were at liberty to find that he misled the plaintiff to

believe that he was making himself personally responsible therefor.

We find no evidence in the case which upholds the instruction — none tending to prove that the plaintiff was misled in that behalf. The instruction was therefore erroneous. The verdict of the jury for the plaintiff may have been controlled by their finding upon the question of fact thus erroneously submitted to them. Because this is so, the error is material and fatal to the judgment.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.