ALEXANDER & EDGAR LUMBER COMPANY, Respondent, vs. McGEEHAN, Appellant.

*February 2—February 21, 1905.*

*Agency: Failure to disclose: Personal liability of agent.*

Where in making a contract an agent apparently acts for himself, and those dealing with him do not know and are not chargeable with knowledge of the facts as to the agency, he renders himself personally liable.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to recover on contract. The answer was a general denial. The only issue litigated upon the trial was whether the contract was made by the defendant as agent for the Iron River Boom & Improvement Company under such circumstances as to preclude plaintiff from successfully charging him as the principal. It was shown that he did in fact act as agent, though he used language appropriate to a personal contract and did not at any time expressly disclose his agency. There was evidence establishing, or tending to establish, cir-

cumstances which it was claimed, on the part of the defend-
ant, so strongly suggested to the plaintiff at the inception of
the contract the facts of the matter as to charge him with
knowledge thereof. The court directed the jury to return a
verdict for the plaintiff, which was done and judgment ren-
dered accordingly, from which defendant appealed.

For the appellant there was a brief by *Lamoreux & Shea*,
attorneys, and *John M. Flynn*, of counsel, and oral argument
by *W. F. Shea*.

For the respondent there was a brief by *Tomkins, Tomkins
& Garvin*, and oral argument by *W. M. Tomkins*.

MARSHALL, J. It may be, as counsel for appellant con-
tends, that the learned circuit court directed the verdict upon
the theory that if one person acting as agent contracts with
another, without expressly declaring his agency and the name
of his principal, he will bind himself regardless of whether
that other has such knowledge of the facts respecting the mat-
ter that a man of ordinary intelligence, acting with reason-
able prudence under the circumstances, might know the real
status of such person in the transaction and his intention.
The way the rule is commonly stated in the books one might,
looking thereto only, get that idea. In *West v. Wells*, 54 Wis.
525, 11 N. W. 677, speaking of the facts of that case, where
there was no claim that the necessary disclosures were made
expressly or circumstantially, or that the facts were otherwise
known to the person contracting with the agent, and there
were no circumstances otherwise varying the rule, it was said
that the sole question, as to whether the agent was personally
liable or not, was, Did he disclose his principal? The rule is
often stated unqualifiedly thus: If in a simple contract made
by an agent the agent does not disclose his agency and name
his principal, he will render himself liable. *Royce v. Allen*,
28 Vt. 234. That is a correct statement, but like most gen-
eral rules it is not entirely without exceptions. The general

statement should not be construed as requiring the agent under all circumstances to expressly declare his agency and the name of his principal,—to do so regardless of whether the person dealing with him knows the facts, or is chargeable with knowledge thereof from circumstances brought to his attention. Where one deals with the agent of a known principal in the regular course of conducting the principal's business by such agent, the presumption, in the absence of any evidence to the contrary, is that the credit is extended to the former. Mechem, Agency, § 558; *Ferris v. Kilmer,* 48 N. Y. 300; *Meeker v. Claghorn,* 44 N. Y. 349; *Wright v. Cabot,* 89 N. Y. 570; *Nichols v. Martin,* 35 Hun, 168; *Argersinger v. Macnaughton,* 114 N. Y. 535, 540, 21 N. E. 1022.

However, it is considered that in this case there is no definite evidence that respondent knew the facts as regards appellant's status in the transaction, or of circumstances charging him with such knowledge when the contract was made. Appellant seems to have, on the face of things, contracted in his own name and on his own responsibility. It is not deemed advisable to recite and discuss the evidence. The case is a very simple one as it seems here. The trial court would have been justified in directing the verdict upon the ground that neither the agency of the appellant nor the name of the party he represented was, expressly or circumstantially, disclosed at the time the contract was made, so as to rebut reasonably the indications from his language and conduct that he was acting for himself. Such being the case, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.