RAETHER, Administratrix, Appellant, vs. FILER & STOWELL MANUFACTURING COMPANY, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*November 1—November 18, 1913.*

*Appealable orders: New trial: Discretion: Affirmance.*

1. That part of an order granting a new trial which refuses to change the answers to questions of the special verdict and denies defendant's motion for judgment is not appealable, standing by itself.
2. A motion to modify a previous order granting a new trial is not a special proceeding, and the order denying such motion is not appealable.
3. An order granting a new trial, made in the exercise of the trial court's discretion, will be affirmed unless an abuse of discretion appears.

APPEALS from orders of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *One order affirmed, on plaintiff's appeal; defendant's appeals dismissed.*

This is an action to recover damages for the death of Edward Raether, the plaintiff's intestate and an employee of the defendant company, who was killed February 8, 1907, while engaged in switching in the railroad yard maintained by defendant in connection with its factory in Milwaukee. It was claimed that the defendant was negligent in various ways, the most important of which were negligence in employing one Schultz as superintendent of the yards and in not furnishing a safe place to work. The action has been tried twice. On the first trial, before Judge LUDWIG in May, 1910, a special verdict favorable to the plaintiff was rendered, but the same was set aside because in the opinion of the trial judge the testimony of Schultz was incredible and untrue, and findings based on such evidence ought not to be permitted to stand. A second trial was had before Judge TURNER and a jury, and the following special verdict rendered:

"(1) What was the open space between the platform of the derrick car at the point where the stirrup step upon which the deceased stood, was attached, and the east side of the gondola car at the north end thereof, when the derrick car passed the gondola? State it in inches. A. Sixteen inches.

"(2) Was the open space between said derrick car and the gondola at the place indicated in question 1 so narrow that a person who was exercising ordinary care, when riding on the derrick car, standing on said stirrup step, was liable to come in contact with the gondola when the derrick car passed it? A. Yes.

"(3) Was the deceased directed by the general foreman, Thomas O'Neill, previous to the accident, to stand on the derrick car platform or the engine steps, but not to stand upon a stirrup step when engaged in such work as Raether was doing at the time of the accident, while the derrick car was moving? A. No.

"(4) Was Raether, before the accident, directed by Schultz, the yard foreman, to stand on the stirrup step on the west side of the derrick car while the same was moving and to fix his attention on the hook or any part of the apparatus for carrying ashes? *A*. Yes.

"(5) If you answer question 2 'Yes,' then answer: Did the defendant fail to exercise ordinary care by so placing said gondola car on track 6 at the place where it was standing at the time of the accident? *A*. Yes.

"(6) If you answer question 5 'Yes,' then answer: Was such failure to exercise such care a proximate cause of the injury to Raether? *A*. Yes.

"(7) Was the foreman, Schultz, incompetent to perform his duties prior to the accident because of habitual intoxication? *A*. Yes.

"(8) If you answer question 7 'Yes,' then answer: Did the defendant know before the accident that Schultz was incompetent to perform the duties with which he was charged? *A*. Yes.

"(9) If you answer question 7 'Yes' and question 8 'No,' then answer: Ought the defendant in the exercise of ordinary care to have known before the accident that Schultz was incompetent to perform the duties with which he was charged? *A*. (No answer.)

"(10) If you answer question 7 'Yes,' then answer: Was such incompetency the proximate cause of the injury to the plaintiff? *A*. Yes.

"(11) Ought Raether in the exercise of ordinary care to have reasonably apprehended that while riding on the step of the derrick car when passing the gondola that he was liable to come in contact with said gondola? *A*. No.

"(12) Was the danger to a person riding on the stirrup step of the derrick car, of being struck by the gondola car, under the circumstances surrounding the accident, open and obvious to a person of full age, ordinary intelligence and the experience had by Mr. Raether, and who was in the exercise of ordinary care? *A*. No.

"(13) Did any want of ordinary care on the part of the deceased, Raether, proximately contribute to produce the injury? *A*. No.

"(14) What sum of money will reasonably compensate

the plaintiff for her pecuniary loss sustained by the death of her husband, Edward L. Raether?   A. $3,971.50."

This latter verdict differed in several important respects from the first verdict. The plaintiff moved for judgment on the verdict. The defendant moved for judgment *non obstante,* and in case of denial of that motion then to reverse the answer to the third, fourth, seventh, eighth, tenth, eleventh, twelfth, and thirteenth questions, and to strike out the answer to the sixth question, and for judgment on the amended verdict; and in case of denial of that motion to set aside the whole verdict and grant a new trial. The court denied the plaintiff's motion for judgment, granted the defendant's motion to change the answers to questions 4, 7, 8, and 10 from "Yes" to "No," but refused to change the answers to any other questions, denied the defendant's motions for judgment, and granted a new trial upon payment of $25 attorney's fees and the taxed disbursements of the trial. The circuit judge filed an opinion when he decided this motion, in which he said, among other things:

"Having the confessed testimony of Schultz that he perjured himself before the coroner, and the numerous material contradictions in his evidence, and being of the opinion that his testimony necessarily exercised great influence over the jury in causing them to arrive at the verdict that they did, and recognizing the fact that the juries have not coincided in their answers to the questions of the special verdict, and being of opinion that a verdict based upon or influenced by the testimony of Schultz, a confessed perjurer, ought not to stand, it is the decision of the court that the motion of the defendant for a new trial is granted, upon the payment of $25 attorney's fees and the taxed disbursements of the trial."

The plaintiff seasonably appealed from the whole of this order. The defendant appealed from those parts of said order which refused to change the answers and refused to direct judgment for the defendant. Before expiration of the time for appealing from this order the defendant also moved

to modify the same *nunc pro tunc,* so that it should reverse the answers to the eleventh, twelfth, and thirteenth questions and should grant judgment for the defendant dismissing the complaint.   Several months later and after the time for appealing from the first order had expired, an order was made denying the second motion and directing that the order for a new trial stand.   From this last named order the defendant took an appeal.   The plaintiff moves to dismiss both of defendant's appeals.

For the plaintiff there was a brief signed by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

For the defendant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

WINSLOW, C. J.   In this case it is held:

First, that part of the order granting a new trial which refuses to change the answers to the questions of the special verdict and denies defendant's motion for judgment is not appealable, standing by itself.   The statute (sec. 3069) only authorizes an appeal from an order granting a new trial, and unless that part of the order be appealed from the statute gives this court no right to review the remaining part of the order.

Second, the statute does not authorize an appeal from an order refusing to modify a previous order granting a new trial.   Such a motion is not a special proceeding in any sense.

Third, it being evident that the trial court granted the new trial in the exercise of his discretion, because he was not satisfied with the verdict, and it being also evident that there was no abuse of discretion, the order granting a new trial must be affirmed.

*By the Court.*—The defendant's appeals are dismissed, and upon the plaintiff's appeal the order granting a new trial is affirmed.