Colby Cheese Box Company, Appellant, vs. Laabs, Respondent.

*February 10—March 10, 1925.*

*Accord: Necessity of performance: Check subsequently repudiated: Compromise and settlement: Fraud: How pleaded: Frivolous claim: Necessity of having enforceable claim: Evidence: Sufficiency.*

1. Generally, performance is necessary to a complete accord and satisfaction, but it is not essential to a valid compromise. p. 361.
2. In an action on a compromise agreement, an allegation that the officers of the plaintiff company had "induced" defendant to give plaintiff a check on which he had subsequently stopped payment is an insufficient allegation of fraud to warrant an instruction thereon. p. 362.
3. If fraud is relied on to impeach a transaction it must be pleaded. p. 362.

4. In an action by a manufacturer of cheese boxes on a compromise agreement with a purchaser of boxes, the evidence of fraud in inducing the alleged compromise agreement is *held* insufficient to go to the jury. p. 363.
5. Such claim of the manufacturer against the purchaser is *held* not frivolous or in bad faith where there was evidence that boxes which were to be furnished for the purchaser's own use were later resold by the purchaser at a profit. p. 364.
6. It is not essential to a valid compromise that plaintiff would have been successful in an action on the claim compromised. p. 364.
7. Where plaintiff's claim on which the compromise was based was attacked as frivolous and without foundation, evidence of the written agreement out of which such claim grew was not wholly irrelevant. p. 364.

APPEAL from a judgment of the circuit court for Clark county: E. W. CROSBY, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Pors, Edwards & Pors* of Marshfield, and oral argument by *C. M. Pors.*

For the respondent there was a brief by *Morse & Fellenz* of Fond du Lac, and oral argument by *L. J. Fellenz.*

JONES, J. In this action the complaint consisted of two counts. In the first it is alleged that on the 19th of January, 1924, at Marshfield, Wisconsin, an account was stated between the plaintiff and the defendant upon which a balance of $415.50 was found to be due from the defendant to the plaintiff, which the defendant then agreed to pay, but that no part thereof has been paid. In the second count it is alleged that the plaintiff was engaged in the business of manufacturing and selling cheese boxes and that the defendant was a cheese maker doing business in Clark county, Wisconsin; that during the year 1923 the plaintiff sold and delivered to the defendant, under a written contract, quantities of cheese boxes; that there was a dispute between the parties in January, 1924, as to the amount due the plaintiff, and that a compromise and settlement were arrived at under which the defendant executed and delivered his check to the

plaintiff for the sum of $415.50, which the plaintiff accepted in full settlement, and which has been duly presented for payment but no part thereof has been paid.

In January, 1924, the defendant was called to the plaintiff's office, where the officers of the plaintiff company asserted that he owed the plaintiff $415.50 and read from certain letters and documents with reference to the contract for the boxes furnished in 1923. The defendant, after some discussion, handed the plaintiff's officer a check for the amount claimed, but upon returning to his office stopped payment on the check.

At the trial the plaintiff claimed that the amount demanded was a compromise reached after the plaintiff's officers had shown the defendant their claim for an increased price on the boxes furnished to others by reason of the increase of the market price over that which the plaintiff had agreed to sell to the defendant; that the only question properly before the court was the existence of this compromise agreement made at this time, and that all the details of the 1923 agreement were irrelevant. The defendant claimed that the transaction was an unexecuted satisfaction and accord and that the details of the 1923 agreement were relevant, and that there was no consideration for the agreement claimed by the plaintiff.

The agreement seems to have been based on certain letters. In a letter dated January 18, 1923, the defendant wrote asking for the prices on certain kinds of boxes. On January 19, 1923, the plaintiff wrote giving the prices. On January 24, 1923, the defendant wrote authorizing delivery of certain boxes, and the letter continued: "I want to contract for my cheese boxes for what I need this year, at present price of boxes delivered." The letter then stated the number of boxes used by the defendant in the year 1922. On January 26, 1923, the plaintiff replied stating that it would send another load of boxes, and adding, "In regard to the balance of boxes you may need as outlined

in your letter of the 24th of January, 1923, we are willing to book your order for these at the present prices. Please send us your order for these boxes and will book you accordingly." On January 30, 1924, the defendant wrote stating, "You may book for me the following boxes at present prices delivered as I order them by loads." The letter continued, describing the number of boxes, calling for 11,000. On January 31, 1923, the plaintiff replied as follows: "We acknowledge receipt of your order of January 30th. We have booked you for these boxes as agreed to in our former letter. If you should happen to need more of one kind and less of another kind it will be agreeable to us." The court submitted one question which with the answer was as follows:

"Was it agreed between the plaintiff and the defendant at the office of the *Colby Cheese Box Company* on the 19th day of January, 1924, that the defendant, *E. A. Laabs,* owed the plaintiff, the *Colby Cheese Box Company,* the sum of $415.50 as a final and complete settlement between the parties? *A.* No."

On this answer the court entered judgment for the defendant.

The court gave the following instructions:

"You are instructed that this question is what is known in law terms as an accord and satisfaction. The court will give you the definition of accord and satisfaction. An accord and satisfaction is an agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other and which, when performed, is a bar to actions on this account."

The plaintiff's counsel do not object to this charge except on the ground that it had no application to the facts. This objection seems well taken. The defendant gave a check but on the same day repudiated it. As stated in an early case in this court, "It is a general rule that an accord which has not been followed by satisfaction is no bar to an action." *Palmer v. Yager,* 20 Wis. 91. Although performance is

necessary to a complete accord and satisfaction, this is not essential to a valid compromise.    12 Corp. Jur. 337; 5 Ruling Case Law, 894; *Palmer v. Yager, supra.*    Although there are exceptions to the rule that performance is necessary to accord and satisfaction, none of them apply to such a situation as appears in this case.    See collection of cases in note in 20 L. R. A. 785.

The court also instructed the jury as to the essentials of a compromise.    If the instructions on this subject had been free from error, the charge relating to accord and satisfaction might not have been prejudicial error.    The court in this part of the charge correctly stated the elements necessary to a valid agreement and then used this language:

"But, if the jury find from the evidence that the plaintiff knowingly and with intent to deceive and coerce the defendant into accepting said settlement made false and fraudulent representations to the defendant concerning the amount due, and that the defendant had a right to and did believe and rely upon such representations and enter into said settlement with reliance thereon, and that said settlement was secured by fraud upon the defendant, then your answer to this question should be 'No.' "

The only allegation in the answer on which fraud could possibly be based is contained in the words "the officers of the plaintiff company induced the defendant to give the plaintiff his check for $415.50."    The proposition that this falls far short of alleging fraud is too plain to require discussion.    Nor is it necessary to more than state the familiar rule that if fraud is relied on to impeach a transaction it should be pleaded.    *New Bank v. Kleiner,* 112 Wis. 287, 87 N. W. 1090; *Forest Co. v. Shaw,* 150 Wis. 294, 136 N. W. 642.

It is argued by the defendant's counsel that on the trial there was testimony showing fraud on the part of the plaintiff's officers and that the court had the right to treat the answer as amended.    Under what circumstances trial

Colby Cheese Box Co. v. Laabs, 186 Wis. 358.

courts may adopt such a course it is not necessary now to decide. It is conceded that during the interview between the defendant and the officers of the plaintiff company they read to him the letters they had received and copies of the letters they had sent. The only statement relied on as a false representation is that the plaintiff's books showed an indebtedness of $415.50 while in fact the books balanced. The testimony of the plaintiff's officers was to the effect that during the interview the officers explained the reasons for their demands. The fact that the defendant had bought more than he needed for his year's supply and had sold the excess was of course well known to him. The defendant knew that he had paid all the invoices, and it seems hardly credible that he was misled by the statement relied on by counsel. In the record before us we find no evidence which justified submitting the question of fraud to the jury. Since we have concluded that there should be a new trial, we refrain from discussing the subject in detail. There was thus presented to the jury a question for their consideration as to which there was no sufficient basis in the testimony. The jury probably believed that the court considered that there was testimony on which fraud could be predicated, and if so the instruction was highly prejudicial. *Hundhausen v. Bond,* 36 Wis. 29; *Allen v. Chippewa Falls,* 52 Wis. 430, 9 N. W. 284; *McArthur v. Slauson,* 53 Wis. 41, 9 N. W. 784; *West v. Wells,* 54 Wis. 525, 11 N. W. 677; *Speliopoulos v. Schick,* 129 Wis. 556, 109 N. W. 568.

It is argued by the defendant's counsel that the claim of the plaintiff was frivolous and made in bad faith and hence there was no consideration for an agreement of compromise. In an early case the following were said to be the only requisites of a valid compromise: "That the claims should have been in some doubt, and their validity controverted; that they should have been asserted in good faith; and that there should have been no fraud, undue advantage, or mis-

take in the settlement." *Kercheval v. Doty,* 31 Wis. 476. In the same case it was said (p. 486):

"A mere false claim, a sham, one set up without any colorable pretense or plausible foundation, might not come within the terms or definition of a compromise and might not sustain it. Characterized by bad faith, the preferring of such a claim would itself be a fraud, and concessions made or rights yielded on the strength of it would not be lost nor the settlement be a bar."

See, also, *Galusha v. Sherman,* 105 Wis. 263, 81 N. W. 495; 5 Ruling Case Law, 881.

There certainly was testimony tending to support the plaintiff's claim that the agreement was to the effect that the plaintiff was to furnish such boxes as the defendant needed for his own use during the year 1923 and not boxes to be sold to others at a profit to himself and a loss to the plaintiff. When the plaintiff discovered that such sales had been made without its knowledge and to its detriment, it can hardly be said that a claim for compensation was frivolous or fraudulent in its nature.

It is unnecessary to decide what would have been the plaintiff's remedy in an action on the original contract. Nor was it an essential of a valid compromise that the plaintiff would have been successful in such an action. If such a rule were adopted it would tend to prevent compromise settlements, which the courts look upon with favor. Counsel for the plaintiff objected to the introduction of the letters and argued that the terms of the original agreement were not in issue. Since one of the litigated questions was whether the claim of the plaintiff was utterly without foundation and frivolous, we do not think that the written agreement on which it was based was wholly irrelevant. For the reason that prejudicial error was committed in the charge of the court, the plaintiff is entitled to a new trial.

*By the Court.*—The judgment appealed from is reversed, with instructions to grant the plaintiff's motion for a new trial.