EDWARDS, Respondent, vs., MILWAUKEE ELECTRIC RAIL-
WAY & LIGHT COMPANY, Appellant.

*October 14—November 9, 1926.*

*Appeal and error: New trial after setting aside verdict procured by perjury: Discretion of court.*

1. An order of the circuit court granting a new trial will be affirmed in the absence of an abuse of discretion. p. 330.
2. The granting of a new trial by the circuit court after the civil court of Milwaukee county had set aside a verdict for plaintiff and dismissed the complaint because of her false testimony, in an action for personal injuries and for damages to her automobile, is *held* not an abuse of discretion. p. 330.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Plaintiff brought an action in the civil court of Milwaukee county to recover damages for personal injuries and for injury to her car sustained in a collision with one of defendant's street cars. On the trial she testified she was twenty-eight years old. Her birth record showed her to be thirty-six. She claimed to have been rendered very nervous on account of the shock received at the time of the accident and to have been discharged by two employers on account of her nervousness when she was earning $120 per month. One employer testified she was discharged because there was a general reduction in the force, and the other that she took the place of an employee temporarily absent and upon her return plaintiff's services were dispensed with. Both testified that she was not discharged on account of nervousness, and one said her salary was $115 per month and not $120. The jury returned a special verdict entitling plaintiff to a judgment of $700 for personal injuries and $100 for damages to her car. The civil judge set aside the verdict and entered a judgment dismissing the complaint upon the merits on account of the material false testimony given by plaintiff. Upon appeal to the circuit court it reversed the judgment of the civil court dismissing the complaint, but approved of the setting aside of the verdict and granted a new trial, at least in part because the alleged false testimony did not affect plaintiff's cause of action for damages to the car and because it appeared that she might be able to secure a verdict for personal injury upon competent evidence. From an order granting a new trial the defendant appealed.

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* and oral argument by *John S. Barry;* all of Milwaukee.

For the respondent there was a brief by *Carroll & Thekan* of Milwaukee, and oral argument by *George J. Carroll.*

VINJE, C. J.   We perceive no abuse of discretion on the part of the circuit court in granting a new trial.   In such case the order must be affirmed.   *Raether v. Filer & Stowell Mfg. Co.* 155 Wis. 130, 143 N. W. 1035.

As there must be a new trial, we purposely forbear to comment upon the testimony causing the setting aside of the verdict further than to state that it should not form the basis of a judgment.

*By the Court.*—Order affirmed.