WHITE EAGLE OIL & REFINING COMPANY, Appellant, vs.
BAKER and others, Respondents.

*October 10—November 5, 1929.*

For the appellant there were briefs by *R. V. Ahlstrom* and *Q. H. Hale,* both of La Crosse, and oral argument by *Mr. Hale.*

For the respondents Berg, Sias, Nelson, and Rude there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

CROWNHART, J.  The appellant contends that the payment in full settlement of a sum much less than the amount due through the fraud of the defendant Baker did not constitute an accord and satisfaction because of lack of consideration.

It clearly appears that the appellant was deceived as to the amount embezzled by Baker, and entered into the settlement in ignorance of the true amount due.  Baker cannot profit by such conduct.  He paid nothing by way of compromise of a disputed or unliquidated claim.  He had embezzled a large sum in excess of the amount disclosed to appellant.  He knew that appellant was misled by his fraudulent suppression of his defalcations.  There was no consideration passed for the acceptance by appellant of less than the true amount due.

The bondsmen gave no part of the amount paid by Baker. They yielded up nothing by way of consideration for their release on their bond. They were bound by their bond to discharge all defaults of Baker to the appellant. They paid nothing and discharged nothing. The discharge of claims by way of accord and satisfaction is dependent upon a contract, express or implied. Therefore the essentials of a contract must obtain in an accord and satisfaction, among which are a meeting of the minds of the parties, and a consideration. Here there was no meeting of the minds of the parties because of the fraudulent concealment of the facts by Baker, and there was no consideration for the settlement. The appellant was entitled to judgment on the undisputed facts. 1 Ruling Case Law, p. 178; 1 Corp. Jur. p. 523; *Leslie v. Keepers,* 68 Wis. 123, 31 N. W. 486; *Colby Cheese Box Co. v. Laabs,* 186 Wis. 358, 202 N. W. 795; *M. Schulz Co. v. Gether,* 183 Wis. 491, 198 N. W. 433; *Chicago, St. P., M. & O. R. Co. v. McDougald,* 184 Wis. 227, 199 N. W. 68.

The parties stipulated the amount due from Baker to the appellant, and the amount for which the bondsmen are liable. We have some difficulty in determining the exact amounts from the stipulation. For this reason the case will go back to the trial court to enter the proper judgment.

*By the Court.*—The judgment of the circuit court is reversed, with directions to the trial court to enter judgment in accordance with this opinion.