RUSCH, Respondent, vs. SENTINEL-NEWS COMPANY, Appellant.

*September 13—October 10, 1933.*

For the appellant the cause was submitted on the brief of *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* and *Robert F. Carney* of counsel, all of Milwaukee.

For the respondent there was a brief by *Nohl, Nohl, Petrie & Blume,* attorneys, and *Henry M. Blume* and *Lewis*

*A. Stocking* of counsel, all of Milwaukee, and oral argument by *Mr. Blume* and *Mr. Stocking.*

NELSON, J. The defendant contends that the civil court properly directed a verdict in its favor; that no error was committed in so doing and that therefore the circuit court erred in reversing the civil court and granting a new trial. The plaintiff contends that the civil court improperly directed the verdict and that the order of the circuit court should be affirmed.

At the outset we desire to consider one of the contentions of the plaintiff based upon what was said in *Edwards v. Milwaukee E. R. & L. Co.* 191 Wis. 328, 210 N. W. 686. Plaintiff contends that on an appeal to this court from an order of the circuit court for Milwaukee county which grants a new trial of an action on appeal to it from the civil court of Milwaukee county, such order should not be disturbed unless an abuse of discretion is shown. In the *Edwards Case* a new trial was granted by the circuit court for Milwaukee county on an appeal from the civil court because of the error of the civil court in dismissing the plaintiff's complaint. This court on the appeal from the order of the circuit court granting a new trial inadvertently permitted Mr. Chief Justice VINJE to say:

"We perceive no abuse of discretion on the part of the circuit court in granting a new trial. In such case the order must be affirmed."

In support of the language just quoted *Raether v. Filer & Stowell Mfg. Co.* 155 Wis. 130, 143 N. W. 1035, was cited. The language recited did not then and does not now correctly state the rule which guides this court on appeals from orders granting new trials because of errors committed on the trials. This court will not ordinarily reverse an order granting a new trial where the court in so doing exercises its discretion unless it clearly appears to us that the trial

court abused its discretion. *Fontaine v. Fontaine,* 205 Wis. 570, 238 N. W. 410. That is the law applicable to new trials granted in the court's discretion. On an appeal from an order granting a new trial because of error committed on the trial, this court will always examine the record for the purpose of determining whether the asserted error, because of which a new trial has been ordered, was in fact error. In view of the fact that an incorrect rule was inadvertently applied to the facts of the *Edwards Case* we avail ourselves of this opportunity to correct the erroneous statement there made.

In the present action it clearly appears that the circuit court, after carefully examining the whole record, reversed the civil court and granted a new trial because it was of the opinion that the civil court erred in directing a verdict in favor of the defendant. The order granting a new trial was not a discretionary order and we are therefore not bound by the rule which requires us to affirm an order granting a new trial unless there has been, in our opinion, an abuse of discretion. We have therefore re-examined the whole record for the purpose of determining whether the civil court erred in directing a verdict as found by the circuit court.

The law is well established that a verdict may properly be directed only when the evidence gives rise to no dispute as to the material issues or only when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion. The rule is stated in *Kroger v. Cumberland Fruit P. Co.* 145 Wis. 433, 130 N. W. 513 (p. 441):

"Upon the motion in this case the trial judge was asked to decide whether, conceding the evidence to establish in plaintiff's favor to a reasonable certainty all it tended to establish, could men of the age of discretion, of ordinary intelligence, reasonably differ respecting the proper conclusion to draw? Or to put it another way, Was there room

in the evidence for conflicting reasonable inferences? Or, as it has been many times put by this court, Was the evidence so clear and convincing one way as to leave no room for unbiased and impartial minds to come to more than one conclusion; or so clear and conclusive as not to admit reasonably of any opposing inferences in unbiased and unprejudiced minds? *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573."

Unless a court can say that the material issues are not in dispute or that the evidence reasonably permits of but one conclusion or inference, a verdict should not be directed.

We shall not attempt a recitation of all of the testimony which, in our view, gave rise to jury questions,—to do so would require a very extended opinion. We shall, however, briefly review some of the claims asserted by the plaintiff and some of the testimony tending to support them. It appears without dispute that the plaintiff was employed by the defendant and its predecessor company in various capacities connected with its circulation or distributing department from January 1, 1928, to May 16, 1931, when the plaintiff was discharged.

Under plaintiff's first cause of action he sought to recover for losses alleged to have been sustained by him as a result of his being unable to collect certain accounts against newspaper carriers which the plaintiff asserted he was obliged to pay to the defendant, and for losses resulting from theft shortages occurring in the sale of newspapers from boxes placed at various corners in the city of Milwaukee, and other similar items. Under plaintiff's second cause of action he sought to recover certain losses sustained by him by reason of alleged overcharges made against him which arose out of the failure of certain subscribers to pay their weekly instalments of insurance premiums on policies furnished by the defendant in connection with their subscriptions. Under the third cause of action the plaintiff sought to recover a cash prize of $100 which he asserted was won by

him in a contest between district managers conducted by the defendant. Under his fourth and fifth causes of action the plaintiff sought to recover certain claimed allowances for returned newspapers. Upon the trial testimony was adduced tending to prove that he had, during the course of his employment, from time to time presented at least some of his claims to the defendant; that he had paid to the defendant, or its predecessor, from time to time, all amounts claimed by it, upon the promise of defendant's agents that they would investigate his claims and, if found to be correct, the defendant would reimburse him. Such is clearly the testimony as to some of plaintiff's claims. The defendant specifically denied liability on any of plaintiff's claims and showed that not only weekly settlements were made, but that during the plaintiff's term of employment, at least two other settlements of claims presented by the plaintiff had been made. The defendant produced testimony tending to support its claim that various settlements, asserted to be accords and satisfactions, had been entered into, and particularly that a settlement had after the plaintiff was discharged, was, as a matter of law, an accord and satisfaction.

It seems to be conceded that as to a number of plaintiff's claims there was a clear-cut dispute between the plaintiff and defendant. But the defendant earnestly contends as hereinbefore stated, that it should be held, as a matter of law, that the weekly settlements had, together with the two settlements mentioned, and particularly that settlement made after the plaintiff was discharged, constituted, as a matter of law, accords and satisfactions. It appears that after the plaintiff was discharged, and while withholding about $400 of defendant's moneys collected by him during that particular week, and while asserting the right to offset his claims against the claim of the defendant for the moneys collected, and after a warrant for his arrest had been issued, settlement of defendant's claim was entered into. The plaintiff

testified that during the settlement negotiations he refused to cancel or release his claims against the defendant. The defendant does not deny that the plaintiff refused to release his claims at the start of the negotiations for a settlement, but asserts that thereafter it discounted its claim somewhat and that the settlement therefore must be held to be an accord and satisfaction. The plaintiff asserts, on the other hand, that the discount of defendant's claim against him was due to credits which came in in regular course to which he was entitled and which were credited to his account after the defendant sought a full release from him and before payment by him to the defendant of the balance of the moneys collected. In our opinion such circumstances gave rise to a jury question as to whether the parties intended that the particular settlement should constitute an accord and satisfaction. See *Charboneau v. Orton,* 43 Wis. 96; *M. Schulz Co. v. Gether,* 183 Wis. 491, 198 N. W. 433; *Chicago, St. P., M. & O. R. Co. v. McDougald,* 184 Wis. 227, 199 N. W. 68; 1 Corp. Jur. (Accord and Satisfaction) p. 583, § 151. A discharge of claims by way of accord and satisfaction is dependent upon a contract, express or implied, and the essentials of a contract, among which are a meeting of the minds of the parties and a consideration, must obtain. *White Eagle Oil & R. Co. v. Baker,* 200 Wis. 100, 227 N. W. 263.

In view of our conclusion that the verdict was improperly directed by the civil court as found by the circuit court and that a new trial must be had, we deem it unnecessary to recite at greater length the conflicting testimony relating to each of the several causes of action and improper to state our impressions of the testimony.

The decision of the circuit court reveals that it carefully and conscientiously considered all of the testimony adduced upon the trial in the civil court, in connection with the very earnest contentions of the parties. We have again given to

the testimony and contentions like consideration with the result that we think the civil court erred in directing a verdict. We venture no opinion as to whether the testimony adduced by the plaintiff would convince a jury that his claims, or some of them, are just. Under our system of jurisprudence the plaintiff is entitled to have a jury pass upon the disputed issues.

*By the Court.*—Order affirmed.