Fairchild, J.
 

 1.
 
 Jurisdiction to review the order.
 
 But for ch. 189, Laws of 1959, creating sec. 274.11 (4), Stats., our jurisdiction to review the order entered October 9, 1959, would be open to serious question. The new sec. 274.11 (4) provides:
 

 “The right of appeal shall exist from the time of the entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2), and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal.”
 

 Since the order in question grants a new trial, it is appealable. Sec. 274.33 (3), Stats. Neither party has challenged our jurisdiction, and both have fully argued all questions raised. The defendants appear to have appealed only from the portions of the order which are not appealable. See
 
 Raether v. Filer & Stowell Mfg. Co.
 
 (1913), 155 Wis. 130, 134, 143 N. W. 1035. The plaintiff requested a review of the portion of the order granting a new trial, but since no appeal had been taken from that portion, sec. 274.12 (1), under which plaintiff proceeded, did not authorize a request for review. His proper remedy was to appeal. Sec. 274.12 (4).
 

 In
 
 Sicchio v. Alvey
 
 (1960), 10 Wis. (2d) 528, 539, 103 N. W. (2d) 544, we left open the question of whether we are authorized by sec. 274.11 (4), Stats., to review an appealable order as to which no notice of appeal has been served if the parties appear before us and argue the merits without noting any objection to our jurisdiction. We now
 
 *600
 
 conclude that sec. 274.11 (4) does authorize such review; that notwithstanding any irregularities, the matter is before us as fully as if there had been an appeal from the entire order. See
 
 Town of Madison v. City of Madison
 
 (1960), 12 Wis. (2d) 100, 106 N. W. (2d) 264.
 

 2.
 
 Applicability of Order 18 of General Orders on Safety.
 
 The jury was instructed that Order 18, 2 Wis. Adm. Code, sec. Ind 1.18, was in force at the time and place in question, and provided in part:
 

 “Where employees are required or permitted to work in elevated places, scaffolds or platforms shall be provided, except that ladders may be used if the work to be performed is of a transitory nature and extent, but only then if ladders can be used with a reasonable degree of safety.”
 

 Upon motions after verdict, the circuit court correctly determined that Order 18 was inapplicable. Its title is: “Scaffolds or Platforms for the Installation, Operation, Maintenance or Changing of Occupancy Equipment.” A note is printed at the end of the order, as follows: “For equipment other than occupancy equipment, see General Orders on Safety in Construction.” The General Orders on Safety in Construction appear in 3 Wis. Adm. Code, secs. Ind 35.001 ff. They are applicable to all operations incident to the maintenance of structures. Sec. Ind 35.02 (24), 3 Wis. Adm. Code, defines structure as “anything that is built or constructed, an edifice or building of any kind, or any piece of work artificially built up or composed of parts joined together in some definite manner.” Requirements as to provision of scaffolds and ladders are found in these sections, but under sec. Ind 35.01, the responsibility for the provision and maintenance of protection rests upon the immediate employer unless the duty be assigned and properly executed by the assignee. The sign in question appears to us to fall within the classification of structure rather than occupancy
 
 *601
 
 equipment. Accordingly, neither Order 18, nor the General Orders on Safety in Construction imposed any duty on defendants in the circumstances before us.
 

 3.
 
 Applicability of Order 17 of General Orders on Safety.
 
 Plaintiff claims that the area between the top of the molding and the surface of the sign was a platform and therefore subject to Order 17 (2 Wis. Adm. Code, sec. Ind 1.17). This order provides in material part that every platform, or other surface on which employees work, shall be substantially constructed, and if more than 24 inches in height shall be equipped with standard guardrails and toeboards unless guarded by location.
 

 Upon motions after verdict, the circuit court concluded that the area in question was a platform, and that the jury should have been instructed as to the provisions of Order 17. As noted by the circuit court, Webster’s New International Dictionary (2d ed.), defines the term “platform” as: “A horizontal and generally flat service, usually higher, and rarely lower, than the adjoining ground or floor; ... an elevated ledge or shelf of a machine, as for reception of material esp., a raised flooring, stage, or dais, in a hall or the like, on which speakers, performers, etc., sit or stand.”
 

 We conclude, however, that the space in question was not a platform, but an open area having no surface except for the struts which covered only minute portions of the area, and the purpose of which, with other members, was to attach the molding to the sign. The fact that someone, or something could be supported by the struts was incidental. The real question is whether the defendants had a duty to construct the sign with a solid surface or covering over the open area.
 

 Plaintiff argues that the presence of the one or more loose boards made this area a platform. But the only evidence as to the source of the boards was that they were there when plaintiff arrived, and because of the paint spattering on them
 
 *602
 
 may have been there since some other time the sign was painted. This is an insufficient basis upon which to charge defendants with responsibility for their presence as part of the structure.
 

 4.
 
 Duty of defendants under the safe-place statute.
 
 The defendants’ responsibilities under the safe-place statute with respect to the area of the sign and with respect to the painting operations were only those of owners, and were not the broader duties of employers. Sec. 101.06, Stats., requires an owner of a place of employment to construct it so as to render it as free from danger as the nature of the employment and place of employment will reasonably permit.
 

 There was conflicting evidence concerning the manner in which it was feasible to paint this sign. A defense witness, the man who had been in charge of constructing the sign, testified that a painter would work from a swinging stage, or might use a ladder for painting the lower portion of the sign. Mr. Asen testified, however, that while the surface of the rhomboid, and perhaps other parts of the sign could be painted from a ladder, the portions of the sign underneath the rhomboid could not be painted either from a swinging stage or from a ladder. In substance, he testified that a ladder placed upon the ground and leaning against the molding would be too far away from the sign proper for the painting in that area to be accomplished. Near the bottom of the sign, the ladder would be some -32 inches away from the surface to be painted. The location • of the rhomboid with its surface standing 15 inches out from the surface of the sign proper would, according to Mr. Asen, prevent attachment of a swinging stage to the top of the sign in a proper and safe manner for use in painting the area beneath the rhomboid. Viewing the evidence in the light most favorable to the plaintiff, it would support a finding that when a painter is painting the lower part of the sign, he must be
 
 *603
 
 supported by something placed across the struts, and that unless there was some substantial device covering an area much broader than the board on which Asen did stand, the place on which the painter must necessarily stand was unsafe. The evidence shows that it was the practice to paint the sign every four months.
 

 Thus, if we assume a jury finding that the painter must be supported somehow in the area involved, the ultimate question is whether construction of the sign, without providing a solid place to stand within the area, was a failure to make the place of employment as free from danger as the nature of the employment would permit.
 

 Some of the members of this court, including the writer of this opinion, would conclude that the safe-place statute required defendants, if they chose to construct the sign and molding in the manner they did, to anticipate that a painter would need to stand in the open area and, therefore, to cover that area in such manner that there would be safe support.
 

 The majority, however, point out that the danger was not due to any unsoundness of the structure, and conclude that the provision of a device which would make the area safe for a painter was the duty of the painter’s immediate employer, and not the duty of the defendants as owners. Thus, it is decided that the circuit court properly set aside the verdict, but should have granted judgment dismissing the complaint. It is unnecessary to discuss the questions raised concerning comparison of negligence and damages.
 

 By the Court.
 
 — Order reversed; cause remanded with instructions to enter judgment dismissing plaintiff’s complaint, with costs.